ANN MATILDA HERRIOT, as Sole Surviving Executrix and Trustee of WARREN HERRIOT, Deceased, Appellant, v. ALANSON J. PRIME, Respondent.

WILL CONSTRUED — PROVISION FOR UNBORN CHILD — TERMINATION OF TRUST WITH POWER OF SALE — VESTING OF ESTATE. A testator who died in 1882 left a will dated in 1878, in which he appointed his wife and sister A. executrices, and gave them all his estate, real and personal, in trust to pay the wife the income during widowhood, with a power to sell and execute a deed "jointly and not singly;" the 2d clause devised and bequeathed the remainder, upon the death or marriage of his wife, to his brother and sisters. The testator had no child at the time of making the will, and it contained no provision for after-born children. A codicil, executed in 1879, amended the 2d clause of the will by providing: "But in case of the birth of a child born to me by my said wife, then this, my last will and testament, shall remain in full force and virtue until the said child shall arrive at the age of twenty-one years, then, and in such case, I direct that in case my said wife shall be living and my widow, then the said property be divided in three equal shares, one of which shall be given to my said wife, and the other two equal shares to be given to my said child, and in case of the death of my said wife or her marriage before the said child shall arrive at the age of twenty-one years, then the whole of the said property to go to my said child, but in case of the death or marriage of my said wife before my child shall arrive at the said age of twenty-one years, and the said child shall not live until that age, but shall survive his mother, then and in that case the said property shall be divided in manner hereinbefore specified between my brother and two sisters or their survivor or survivors." A child was born five months after the execution of the codicil, who still survives. The testator's wife survived him, but has since died. The testator's sister A. is living, and claims that the trust and power of sale were continued by the codicil until the child shall arrive at majority, and that, as surviving executrix and trustee, she can execute the power. *Held* (without deciding whether one trustee could execute a deed after the death of the other trustee), that the trust and power of sale terminated on the death of the testator's widow, and that the estate then vested in the child, subject to being divested in case of death before becoming twenty-one years of age. *Herriot* v. *Prime*, 87 Hun, 95, affirmed.

(Argued January 11, 1898; decided January 18, 1898.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, rendered

May 15, 1895, and entered November 13, 1896, upon a sub-
mission of a controversy upon facts agreed upon pursuant to
sections 1279 *et seq.* of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*David B. Ogden* for appellant. The duration of the trust
created by the 1st clause of the will was extended by the
codicil till the majority of the expected child. The power to
sell was annexed to the office of trustee, and continued during
the duration of the trust, and could be executed by the sur-
viving trustee. (*Brennan* v. *Willson*, 71 N. Y. 502; Perry
on Trusts, § 493; *Leeds* v. *Wakefield*, 10 Gray, 514; *Wil-
liams* v. *Williams*, 1 Duval, 221; *Greenough* v. *Wells*, 10
Cush. 567; *House* v. *Raymond*, 3 Hun, 44.)

*Ralph E. Prime* for respondent.

HAIGHT, J. The plaintiff, as sole surviving executrix and
trustee under the last will and testament of Warren Herriot,
deceased, entered into a contract with the defendant to convey
to him a parcel of land, of which the testator died seized, and
in this submission of a controversy the court is asked to deter-
mine whether the plaintiff has lawful power to convey good
title thereto.

Warren Herriot was a resident of Yonkers, Westchester
county. He died on the 6th day of April, 1882, leaving him
surviving his widow, Sarah Louise Matilda Herriot, and one
child, Ida Herriot, who was born on the 10th day of August,
1879. He left a will dated the 26th day of June, 1878, in
which he gave all of his real and personal estate to his widow
and sister, Ann Matilda Herriot, whom he appointed execu-
trices, in trust, however, to pay his debts and funeral expenses,
and then " to pay my wife, Sarah Louise Matilda Herriot, the net
income or profits of my said estate so long as she shall remain
my widow. And I do hereby give to my said executors
and trustees full and complete power to sell and dispose of
my said real estate at such time, in such manner and on such

terms as they shall jointly consider beneficial and for the inter-
ests of my said estate, with full power to convey by deed,
jointly and not singly, as I might or could do if living; and in
case of such sale of the whole or part of my said real estate,
that they shall invest safely the proceeds of such sale, and
the interest of such money shall be paid to my said wife,
Sarah Louise Matilda, so long as she shall remain my widow."
By the second clause of his will he devised and bequeathed
the remainder of his estate, upon the death or marriage of his
widow, to his brother and sisters. On the tenth day of March,
1879, he executed a codicil amending the second clause of his
will by providing, "But in case of the birth of a child born
to me by my said wife, then this, my last will and testament,
shall remain in full force and virtue until the said child shall
arrive at the age of twenty-one years, then, and in such case,
I direct that in case my said wife shall be living and my widow
then the said property be divided in three equal shares, one of
which shall be given to my said wife, Sarah Louise Matilda,
and the other two equal shares to be given to my said child,
and in case of the death of my said wife or her marriage
before the said child shall arrive at the age of twenty-one
years, then the whole of the said property to go to my said
child, but in case of the death or marriage of my said wife
before my child shall arrive at the said age of twenty-one
years, and the said child shall not live until that age, but shall
survive his mother, then and in that case the said property
shall be divided in manner hereinbefore specified between my
brother and two sisters or their survivor or survivors." The
widow of the testator died on the 26th day of October, 1889.
Her daughter, Ida Louise, still survives and will become
twenty-one years of age on the tenth day of August, 1900.

It is contended on behalf of the appellant that the pro-
visions of the codicil to which reference has been made were
inserted in contemplation of the birth of a child, and that the
clause " in case of the birth of a child born to me by my said
wife then this, my last will and testament, shall remain in full
force and virtue until said child shall arrive at the age of

twenty-one years," continued the trust until the child should
arrive at its majority.    We recognize the force of this conten-
tion, but hesitate about adopting such a construction of the
provision.    Had he meant to continue the trust until that time
he should have said so, thus removing all doubt upon the sub-
ject.    Instead, he provides that his last will and testament
shall remain in force until that time.    What he means by this
is not entirely clear, but we are inclined to think that it has
reference to the provisions made for the widow and for the
brother and sisters in case the child should not arrive at
the age of twenty-one years.    We must bear in mind that the
will, as originally prepared, contained no provision for a
child in case one should thereafter be born.    Upon the birth
of such a child, and the death of the testator, the child would
take under the statute as heir at law and next of kin, subject
to the widow's dower in the real estate and her share in the
personalty, thus virtually annulling the provisions of the will.
(2 R. S. 65, § 49, as amended by L. 1869, ch. 22.)    Upon the
testator's becoming aware that a child might be born he exe-
cuted his codicil, first providing that his will should remain in
force until the child became twenty-one years of age, so that,
in case the child did not survive until that time, none of the
provisions created for the widow and for the brother and
sisters should in any manner be impaired or changed.    If we
are correct in this view, then the provisions of the will are all
in harmony and easily understood.    Under the will, the trust
created was to continue during the life of the widow.    If she
lived and remained his widow until the child became twenty-
one years of age, then, under the codicil, the trust terminated
and the estate was divided into three parts, one of which was
devised to the widow and the other two to the child.    If the
widow died before the child arrived at the age of twenty-one,
then the whole estate was given to the child and at once vested
in it.    If the widow died before the child arrived of age, and
the child survived the mother, but died before its majority,
then the estate went to the brother and sisters, or the survivor
or survivors of them.    As we have seen, the widow died in

1889, when the child was ten years of age. If the trust then terminated, the estate vested in the infant, and it became entitled to the income therefrom, subject, however, to be defeated in case of its death before arriving at the age of twenty-one years. If the trust continued after the death of the mother and until the infant became twenty-one, then we have an existing trust for a period of eleven years without any provision disposing of the income in the meantime. This is a serious obstacle in the way of the construction contended for by the appellant. We cannot believe that the testator intended such a result. We, therefore, favor the view that the estate vested in the child upon the death of the mother, subject to being divested in case of her death before becoming twenty-one years of age.

This view renders it unnecessary to consider the question as to whether one trustee may execute a deed after the death of the other trustee.

The judgment of the Appellate Division should be affirmed, with costs.

All concur.

Judgment affirmed.