(156 App. Div. 211.)

### YUNG v. BLAKE et al.

(Supreme Court, Appellate Division, First Department.   April 11, 1913.)

1. PARTITION (§ 85*)—ALLOWANCES AND CHARGES FOR IMPROVEMENTS.

A tenant in common, who expends money in making repairs or improve-ments on the property held in common without authority from his co-tenant, is not entitled to a lien therefor against the cotenant's interest; but in an action for partition a court of equity, as a condition of de-creeing a sale, will require that the equitable rights of one of the ten-ants to contribution, made without the consent of the others for neces-sary repairs, be ascertained and adjusted.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 236–245; Dec. Dig. § 85.*]

2. PARTITION (§ 85*)—ALLOWANCES AND CHARGES FOR IMPROVEMENTS.

Where, pending an action for partition, a trust in an undivided in-terest in the property terminated, and the surrogate refused to allow the trustees their expenses for repairs and improvements on the property, they would be permitted in the partition action to assert their right to reimbursement as against another of the tenants, since, if they obtained such relief as against their cestui que trust by appeal from or applica-tion to open the surrogate's decree, it might then be too late for the cestui que trust to obtain contribution against the other tenant.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 236–245; Dec. Dig. § 85.*]

Appeal from Special Term, New York County.

Action for partition by Charles Yung against Anna May Blake and others.   From an order amending an order of reference by striking therefrom a provision directing the referee to take and state their ac-count as executors and trustees, and report any balance due them, and whether such balance was a lien on the interest of any party to the action, defendants Charles Yung and another, as executors and trus-tees under the will of Anna Louise Yung, deceased, appeal.   Reversed, and motion to amend denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Edward H. Kelly, of New York City, for appellants.

Edward J. McGuire, of New York City, for respondent Anna May Blake.

LAUGHLIN, J.   This is an action in partition.   The premises were formerly owned by the plaintiff and his wife, Anna Louise Yung, since deceased, as tenants in common.   She had been married before to one Blake, and during his lifetime she made a will by which, among other things, in effect the premises in suit were devised to the appellants, as executors and trustees, in trust to devote the income thereof to the care, protection, and education of her two daughters during their minor-ity, and upon their arriving at the age of 21 years to divide the corpus between them equally.   One of the daughters predeceased the testatrix. The respondent Anna May Blake is the surviving daughter, and so far as material to this appeal she took the interest of her sister.   After the death of her former husband the testatrix married the plaintiff, and the respondent Charles Francis Yung was born to them on the 28th day

of September, 1904. The testatrix died on the 12th day of March, 1908, when the respondent Charles Francis Yung was about 3½ years of age. The premises sought to be partitioned consist of 13 parcels of land, all of which, with one exception, are improved.

Since the death of the testatrix, they have been managed and cared for by the plaintiff, and by him and Macpeak as executors and trustees. They have collected the rents and paid the running expenses, and, according to the answers of the appellants, they have expended large sums of money over and above the rents received in making necessary repairs to the buildings upon the premises, and in making necessary improvements thereon, and in paying taxes and assessments and mortgage liens thereon. Of these expenditures the plaintiff individually contributed one-half, and the appellants contributed the other half from funds which they held as trustees for the respondent Anna May Blake. By virtue of the provisions of section 26 of the Decedent Estate Law (Consol. Laws 1909, c. 13), the infant Charles Francis Yung took the interest in the premises in question which he would have taken had his mother died intestate. That interest, it is claimed on the part of the plaintiff, by the appellants, is an undivided one-fourth interest in remainder, subject to an interest equal to a tenancy by the curtesy in favor of the plaintiff, had his wife died intestate; but the plaintiff claims that an estate by the curtesy is vested in him, whereas the executors and trustees claim that they took it as part of the trust estate. The trust had not expired when the action was commenced, but the beneficiary under the trust became of age on July 24, 1911.

The original answer of the executors and trustees was verified on July 25, 1911, and served the next day, and in it they asserted in behalf of their cestui que trust an undivided one-fourth interest in the premises. In this answer they asserted no claim against the interest of Charles Francis Yung, the infant, for a proportionate amount of the expenditures made for repairs and improvements over and above the rents received. At that time they evidently contemplated that that was a claim to be asserted in behalf of their former cestui que trust, respondent Anna May Blake, and that they would be allowed on their accounting in the Surrogate's Court for the amount of such expenditures; but on an accounting in the Surrogate's Court which covered the period ending December 31, 1909, and on which they claimed a credit for such expenditures, the surrogate disallowed the items. Thereafter, and on the 12th day of December, 1911, they interposed an amended answer, in which they asserted in the form of a counterclaim a lien against the interest of the infant, Charles Francis Yung, for these expenditures. Thereafter, and on September 24, 1912, pursuant to an application duly granted, they interposed a second amended answer, nunc pro tunc as of the date of the service of the first amended answer, in which they made claim for the first time that they took an estate by the curtesy in the undivided one-fourth interest which passed to the infant, Charles Francis Yung, as part of the trust estate, and in which they also asserted a lien against the interest of said infant for expenditures made after the 31st day of December, 1909, which was the date of the accounting in the Surrogate's Court. The original or-

der of reference, which was granted after the service of the first amended answer, provided, among other things, as follows:

"And it is further ordered that said referee take and state the accounts of the defendants Joseph A. Macpeak and Charles Yung, as executors of and trustees under the last will and testament of Anna Louise Yung (formerly Anna Louise Blake), deceased, as prayed for in the said amended answer of said defendants, and that said referee report whether there is any balance due said defendants, and, if so, whether said balance is a lien on the interest in said premises of any party to this action."

After proceedings before the referee had begun and continued for some time, the respondent Anna May Blake made a motion to strike out this provision of the order.

[1] It appears to be well settled that, where one cotenant expends money in making repairs or improvements on the premises held in common without authority from his cotenant, he is *not* entitled to a lien therefor against the interests of the latter. Ford v. Knapp, 102 N. Y. 135, 6 N. E. 283, 55 Am. Rep. 782; Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307, 36 L. R. A. 753, 57 Am. St. Rep. 500. See, also, Prentice v. Janssen, 79 N. Y. 478. And therefore it is unnecessary to consider the various questions which have been presented with respect to the construction of the provisions of the Code of Civil Procedure concerning the rights of lienors.

The Legislature has expressly provided that any party to such an action may be required to account for rents and profits (Code of Civil Procedure, § 1589); and courts of equity require as a condition of decreeing a sale in partition that the *equitable rights* of the tenants in common as between themselves with respect not only to *liens* (see Halsted v. Halsted, 55 N. Y. 442), but to contribution for expenditures made by one without the consent of the others for necessary repairs, where at common law an action to recover therefor could not be maintained, be ascertained and adjusted (Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307, 36 L. R. A. 753, 57 Am. St. Rep. 500, and other cases, supra).

The reported cases on this point arose with respect to contribution claimed against the *plaintiff* in the action, and stress appears to have been laid upon that fact; but the Court of Appeals in Satterlee v. Kobbe, supra, stated the rule more broadly as follows:

"In a partition action the court will always adjust equities between the tenants in common arising out of expenditures and improvements made by one of them as against the other. Ford v. Knapp, 102 N. Y. 135 [6 N. E. 283, 55 Am. Rep. 782]. * * * Relief, such as is here suggested, is administered, not upon the ground that the party making the improvement without the agreement or assent of the owner gains a lien upon the property for his advances; but it rests upon the proposition that one who seeks equity must do equity, and that the tenant out of the actual occupation, who asks a court of equity to award him partition, is entitled to relief only upon the condition that the equitable rights of his cotenants shall be respected."

Here the defendant, against whom contribution is claimed, who, however, is an infant, not only does not oppose the sale, but, in effect, joins in plaintiff's demand therefor, and his guardian ad litem opposed the motion, and insists that the interests of the infant re-

quire that the question as to whether he should reimburse the trustees either individually or as trustee should be determined on this. reference. Aside, however, from the attitude of the infant and those who represent him, it is the duty of the court in permitting him to participate in the proceeds of the sale of property, presumably made more valuable by the advancement of funds by his cotenants, to reimburse his cotenant.

[2] A question arises, however, which has not been discussed by counsel, but which I regard as not free from doubt. The views already expressed would require the reversal of the order, if the appellants were still tenants in common with the infant, as they were when the action was commenced. But, as has been stated, the trust terminated before they answered, and they thereupon ceased to represent the tenant in common, whose funds they used to contribute the infant's proportionate share. It might well be argued that at the expiration of the trust the right to contribution became vested in and enforceable by their cestui que trust, the defendant Blake, and that the remedy of the trustees was to assert their right to credit for such disbursements on their accounting as trustees. If it were so held, then doubtless the trustees could be protected by an appeal from the decree of the Surrogate's Court disallowing such credit or by an application to open the decree; but in that event the respondent Blake would doubtless be without redress, for it would then be too late for her to obtain contribution in this case.

I am of opinion, therefore, that it is for the interests both of the appellants and of the respondent to have the question finally determined in this action. Either in their own right or in the right of the respondent Blake, whom they represented at the time, the appellants are entitled to offer proof before the referee in support of their contention that they advanced trust funds for necesssary repairs, to which the infant should in equity contribute. The determination of that claim here will be binding and conclusive on all the parties, and will obviate the necessity of further consideration by the Surrogate's Court.

By the second amended answer the trustees seek to recover for expenditures made after the termination of their trust. We express no opinion at this time with respect to their right to recover such expenditures, and leave that for decision after the facts are fully developed.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.