(163 App. Div. 501)

## YUNG v. BLAKE et al.　(No. 6100.)

(Supreme Court, Appellate Division, First Department.　July 10, 1914.)

1. DESCENT AND DISTRIBUTION (§ 47*) — EXECUTION OF WILL — AFTER-BORN CHILDREN—INHERITANCE.

 A child born after the execution of his parent's will takes by inheritance as heir at law, and as to his share the will is annulled and testator dies intestate.

 [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 126–130; Dec. Dig. § 47.*]

2. CURTESY (§ 9*)—NATURE OF ESTATE.

 Tenancy by curtesy is a life estate created by operation of law and attaches to all the real property of which the wife was beneficially seised of an estate of inheritance during coverture, provided a child is born alive of the marriage and capable of inheriting the property.

 [Ed. Note.—For other cases, see Curtesy, Cent. Dig. §§ 20–30; Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CURTESY (§ 11*)—BARRING RIGHT BY CURTESY.

The right of curtesy can be destroyed either by a conveyance of the property by the wife during her life or by a testamentary devise to take effect after her death.

[Ed. Note.—For other cases, see Curtesy, Cent. Dig. §§ 31–41; Dec. Dig. § 11.*]

4. CURTESY (§ 9*)—ESTATES SUBJECT TO.

The share a child born subsequent to the execution of his mother's will takes in her property is subject to the husband's right to a tenancy by the curtesy.

[Ed. Note.—For other cases, see Curtesy, Cent. Dig. §§ 20–30; Dec. Dig. § 9.*]

Appeal from Trial Term, New York County.

Action by Charles Yung against Anna M. Blake and others for partition of real property. From the judgment all the parties appeal. Reversed and remitted to a referee.

See, also, 156 App. Div. 211, 141 N. Y. Supp. 300.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edward J. McCabe, of New York City, for plaintiff.
Edward J. McGuire, of New York City, for defendant Blake.
A. Wheeler Palmer, of New York City, for defendant Yung.
Edward H. Kelly, of New York City, for defendant executors.

SCOTT, J.   The only question which it is necessary to discuss upon this appeal is whether or not the plaintiff, Charles Yung, is entitled to an estate by curtesy in so much of the real estate sought to be partitioned as belongs to the infant defendant Charles Francis Yung.

The question arises in this way: Charles Yung, the plaintiff, was the husband of Anna Louise Yung who died March 12, 1906. She was seised at the time of her death of an undivided one-half interest in the real estate described in the complaint, as tenant in common with her husband. She had previously been married to one Blake, by whom she had two children named Marguerite and Anna May Blake. By plaintiff she had one child, the infant defendant Charles Francis Yung. By her will, executed before the birth of her last-named child and indeed before her marriage to plaintiff, she left all of her estate to her executors in trust for her daughters during their minority, with the proviso that if either daughter predeceased her the whole property should be held by the executors in trust for the surviving daughter, to be paid over to her at her majority. One of these daughters, Marguerite, did die before her mother, leaving as the sole legatee under the will Anna May Blake, one of the defendants.

[1] The will neither mentioned nor provided for the son Charles Francis Yung, nor was he provided for by any settlement. Consequently, as is conceded by every one, he is entitled to succeed to the same portion of his parent's real and personal estate as would have descended or been distributed to him if his parent had died intestate; that is to say, in the present case, to one-quarter of the real estate de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

scribed in the complaint. Is the father entitled to an estate by the curtesy in the real estate thus passing to the infant? In the first place, it is quite clear that the infant takes by inheritance as heir at law, and not at all under the will or subject to any of its provisions. As to his share the will is annulled and the testatrix died intestate. Smith v. Robertson, 89 N. Y. 555; Udell v. Stearns, 125 App. Div. 196, 109 N. Y. Supp. 407; Herriett v. Prime, 155 N. Y. 5, 49 N. E. 142.

[2] Tenancy by the curtesy is a life estate created by operation of law. It attaches to all the real property of which the wife was beneficially seised of an estate of inheritance during coverture, provided a child is born of the marriage, born alive and capable of inheriting the property. Reeves on Real Property, vol. 1, § 446.

[3] In this state this right of curtesy can be destroyed only in one of two ways, to wit, either by a conveyance of the property by the wife during her lifetime, or by a testamentary bequest of the real property to take effect after her death. If she fails to dispose of her real property in one of these two ways, the right of curtesy still obtains. Ransom v. Nichols, 22 N. Y. 110; Hatfield v. Sneden, 54 N. Y. 280.

[4] If then the will of the testatrix was, by the birth of her son after the will was made, annulled or revoked pro tante as to his share of the estate, as all the authorities hold, and he takes that share, not as legatee, but as heir at law by descent, it follows that as to that portion of the estate the testatrix made no valid testamentary disposition, and consequently did not cut off or destroy her husband's right to a tenancy by the curtesy. The plaintiff is therefore entitled to a tenancy by curtesy in so much of the real estate as descends to the infant defendant Charles Francis Yung. In this regard the judgment appealed from is erroneous and must be reversed. With regard to the other findings of the referee, which have been adopted by the Special Term, but which are questioned on this appeal, we find no error. Our conclusion as to the right of plaintiff to an estate by the curtesy will, however, require a different disposition to be made as to the rents collected by the trustees from the share or interest of the infant Charles Francis Yung. It may also be necessary to estimate the value of the life estate of said plaintiff.

The judgment appealed from must therefore be reversed, and the cause remitted to the referee to make the findings rendered necessary by this opinion, with costs and disbursements of this appeal to the plaintiff and to the guardian ad litem of the infant defendant Charles Francis Yung, payable out of the distributive share of said infant. All concur.