In the Matter of the Judicial Settlement of the Account of Proceedings of ELSIE TIMMERHANS, as Executrix of LUCY FIALA BEISNER, Deceased.

Surrogate's Court, Bronx County, July 16, 1927.

Wills — construction — will by widow made prior to second marriage — second husband and son of second marriage take under Decedent Estate Law, § 35, as though no will had been made — curtesy — sale of real estate does not deprive husband of curtesy.

The testatrix executed the will in question while she was a widow.  She subsequently married and a son was born of that marriage.  No provision was made for the second husband or the son by the second marriage by any settlement nor were they provided for in the will or mentioned therein in any manner to show an intention not to make a provision for them.

Under section 35 of the Decedent Estate Law, the second husband and the son of the second marriage are entitled to the same rights in the estate of the testatrix that they would have been entitled to had she died intestate.  The husband had a tenancy by the curtesy in all of the real property of the testatrix and is entitled to one-third of her net personalty.  The son of the first marriage and the son of the second marriage are each entitled to one-third of the net

Surrogate's Court, Bronx County, July, 1927. [Vol. 130

personalty and to the real estate, share and share alike, subject to the husband's curtesy.

The fact that the real estate was sold under a power of sale after the death of the testatrix, does not affect the husband's right of curtesy.

PROCEEDING by executrix for settlement of account.

*Gustave Frey,* for the petitioner.

*Klein, Kinsley & Klein,* for Francis E. Beisner, Sr.

*Maurice S. Cohen* and *Robert A. Dillon,* special guardians.

SCHULZ, S. The decedent, a widow with one son, executed a last will and testament in which she left all of her property to her son. Subsequently she married and a son was born. No provision was made for the husband and second son by any settlement, nor were they provided for in the will or in such a way mentioned therein as to show an intention not to make such provision. The decedent's husband and her two sons survived her. It follows that under section 35 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 293) the husband and the second son are entitled to the same rights in and to the same share or portion of the estate of such decedent as they would have been if such will had not been made.

Under such circumstances, the husband and the second son were each entitled to one-third of her net personalty. (Decedent Estate Law, § 98, subd. 1; § 100.) The husband had a tenancy by the curtesy in all of her real estate, and the second son was entitled to one-half of her real estate, subject to the curtesy of his father. The first son of the decedent took all of the remainder which amounts to one-third of her net personalty and one-half of her real estate, subject to the curtesy of his stepfather in the latter. The curtesy of the husband became absolute upon the death of the decedent. These are the respective rights and shares of the parties referred to in the estate of the decedent.

I am familiar with the holding in *Yung* v. *Blake* (163 App. Div. 501), but in that case the decedent made a will during her first marriage. (*Yung* v. *Blake,* 156 App. Div. 211, 212.) She, therefore, did not come under the designation "unmarried woman" as used in the Decedent Estate Law (§ 36) as it was when that case was decided (*Matter of McLarney,* 90 Hun, 361; affd., 153 N. Y. 416), and hence the will was not revoked as to her second husband. It was only rendered ineffective so far as the right of the child of the second marriage was concerned, and she was held to have died intestate as to him, and hence that her second husband had curtesy only in the share which went to this child. Since that decision, sections 35 and 36 of the Decedent Estate Law have been consolidated and amended (Laws of 1919, chap. 293), so that now

the surviving husband is entitled " *to the same rights in* " and share of the estate as though no will had been made. The case of *Yung* v. *Blake* (*supra*), therefore, is not controlling under the present statute.

The fact that the real estate was sold after the death of the wife, under a power of sale given to the executors in the will, in no way affects the husband's right of curtesy. (*Dunscomb* v. *Dunscomb*, 1 Johns. Ch. 508, 511, citing *Sweetapple* v. *Bindon*, 2 Vern. 536, cited in *Matter of Camp*, 126 N. Y. 377, 384.)

Costs to the petitioner and to the husband, and an allowance to the special guardian payable out of the estate.

Settle decision and decree accordingly.