DAVID GRODY, Appellant, v. SIMON SILVERMAN, JR., and Others, Respondents.

Fourth Department, January 11, 1928.

Partition — pleadings — plaintiff and one of defendants are tenants in common of property subject to lease by corporation of which said defendant is officer and stockholder — lease provided for renewal — notice of renewal has been given — parties unable to agree on appraisers to fix amount of rent — complaint alleges that defendants did not intend to arbitrate amount of rent and demands that court adjudicate rental for renewal period — court has power to do so — agreement not within Arbitration Law — only one cause of action stated — Civil Practice Act, §§ 1021, 1024, 1074, applied.

The plaintiff brings this action to partition certain real property which must be sold and cannot be partitioned in kind. The plaintiff and one of the defendants are cotenants of the real property, which is under lease to a corporation of which said defendant is an officer and stockholder. The lease provides for a renewal at the option of the tenants and notice of renewal has been served. The complaint alleges that the parties are unable to agree on appraisers to fix the rent, and that the defendants will not proceed to arbitration and demands that the court ascertain and determine the rental for the renewal period, which, under the terms of the lease, was to be fixed by three arbitrators. The agreement in the lease in relation to arbitration is not within the Arbitration Law.

The court has the power, in this action for partition, in view of the fact that the parties have been unable to agree, either between themselves or through arbitration, on the amount of the rental for the renewal period, to determine that question itself, for, while the action is statutory, nevertheless it is, to a large extent, equitable in nature, and the court will be governed by equitable principles that are not in conflict with statutory provisions. It is essential that the amount of the rental be determined before the premises are sold in order that the buyer may know exactly what he is to receive.

The complaint does not state two causes of action, one in partition and one based on the terms of the lease, for the allegations in reference to the lease and the failure to arbitrate are but incidental to the action in partition.

The statute does not prohibit the court from determining the amount of rental for the renewal period, and, indeed, sections 1021, 1024 and 1074 of the Civil Practice Act, when read and construed together, would seem to require the court to determine that question.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 14th day of May, 1927.

*Hancock, Dorr, Spriggs & Shove* [*Stewart F. Hancock* and *B. E. Shove* of counsel], for the appellant.

*Levy, Shulman & Shulman* [*Ralph Shulman* of counsel], for the respondents Simon Silverman, Jr., and Sophia Silverman.

*MacKenzie, Smith, Lewis & Michell* [*Charles E. Spencer* of counsel], for the respondent Syracuse Motor Car Company, Inc.

*Harold Weisenberg,* for the respondent Sarah Grody.

*Hiscock, Williams & Cowie,* for the respondent First Trust and Deposit Company.

HUBBS, P. J. This is an action in partition. The plaintiff and the defendant Simon Silverman, Jr., are the owners, as tenants in common, of the real property sought to be partitioned. Simon Silverman, Jr., is also an officer and stockholder in the defendant Syracuse Motor Car Company, Inc. He and his family own practically all of the stock and he personally controls the corporation. On or about July 18, 1922, the plaintiff and the defendant Simon Silverman, Jr., as owners, entered into a written lease with the defendant Syracuse Motor Car Company, Inc., for a period of five years, with a privilege of renewal for an additional term of five years upon giving notice in writing ninety days prior to the expiration of the term, the conditions of such renewal to be the same except as to the rental price. As to that the lease said: " But so far as the rental for the succeeding term is concerned, such option and renewal shall be upon the going and prevailing rent for property of like character which is in existence at the time of the expiration of the first five-year period. If the parties hereto shall be unable to agree between themselves as to what is the going and prevailing rent for property of like character and upon the rental to be paid for said premises for the second five-year period, then the amount of such rental shall be determined by arbitrators, the parties of the first part and the party of the second part each to select one arbitrator, then the two arbitrators so selected to choose a third arbitrator in case the two are unable to agree. In the event that before such option is exercised Simon J. Silverman of the first part shall have sold his stock in the Syracuse Motor Car Company, in that event the party of the second part shall choose one arbitrator as to such rent and the parties hereto who then have a common interest between themselves, shall choose the second arbitrator, and in the event that such two arbitrators shall be unable to agree, they shall select a third arbitrator for such purpose."

It may be assumed, for the purposes of this opinion, that the notice to renew the lease was duly served and retained by the plaintiff, and that the lease has been duly renewed for an additional term of five years, subject to the adjustment of the rent. The plaintiff subsequently and on March 21, 1927, selected an arbitrator or appraiser, and so notified the defendants Simon Silverman, Jr., and the Syracuse Motor Car Company, Inc. On the same day

he commenced this action to partition the property. In the complaint he alleges failure to agree upon the rental to be paid under the renewal of the lease, and that it will be necessary for arbitrators to be appointed as provided in said agreement. On April 5, 1927, he also served on said defendants Silverman and the Syracuse Motor Car Company, Inc., a demand that they select an arbitrator.

On April ninth Silverman and the Syracuse Motor Car Company, Inc., served a notice denying the failure to agree upon the rental and objecting to the selection of the arbitrator or appraiser named by the plaintiff. On the same day, April ninth, the plaintiff verified and served an amended complaint, similar to the original complaint except that in the 5th paragraph it is alleged that the defendants do not intend to proceed with the arbitration called for in the lease, and that it will be necessary for the court to proceed to determine the rental to be paid under the renewal lease in order that the sale may be to the best advantage of the cotenants. The prayer for relief contains a demand that the court ascertain, determine and adjudicate the rental to be paid.

The defendant Silverman moved at Special Term to strike out the amended complaint and for a reference to take proof of the title and interest of the parties in the property in question. The Special Term decided (1) that the agreement is not within the provisions of section 2 of the Arbitration Law (as amd. by Laws of 1921, chap. 14), and (2) that the allegations and demand for relief by way of specific performance of that part of the lease having to do with the ascertainment of the rental to be paid under the renewal lease, are no part of the allegations and prayer for relief properly incorporated in a partition action, and amount to an attempt to set up two causes of action which cannot properly be united. It, therefore, dismissed the amended complaint and appointed a referee to take proofs and ascertain the interests of the parties. From the order entered pursuant to that decision the plaintiff appeals.

The question necessary to be determined first on this appeal is whether the question of the rental to be paid by the tenant can be raised in a partition action. If the question can be so raised, then it will become necessary to determine whether the court can determine the fair rental value to be paid under the renewal of the lease.

It should be borne in mind that this is an action in equity and that the plaintiff is a tenant in common of property occupied by a corporation of which his cotenant is an officer and stockholder and which he controls. We agree with the learned justice at

Special Term that the provision contained in the lease does not constitute an agreement to settle by arbitration a controversy within the meaning of the Arbitration Law. It is conceded that the property is so situated that it must be sold. In *Weir* v. *Barker* (104 App. Div. 112, at p. 122) it is said: " The plaintiffs having exercised their option of renewal by serving notice thereof on the defendant, the agreement to renew became mutual and binding upon both parties. The term of the renewal lease is fixed by the agreement, and all that remains is a mere matter of detail in determining the rental value. Had the parties reserved to themselves the right to agree upon the rent to be paid, specific performance of the agreement could not be compelled; but having agreed that the rental should be determined in accordance with the rental value of the premises, such value to be determined by persons stated, it cannot be assumed that the parties relied upon such persons fixing a value in excess of the real value. The method agreed upon having been rendered impossible by the death of one of the parties selected, a case peculiarly for equitable relief is presented, as the court is not powerless to grant relief in such a case, and it will not be assumed that the actual and fair rental value cannot be determined by the court. The refusal to entertain jurisdiction would deprive the parties of the benefit of a valid contract, by reason of the happening of a contingency which neither contemplated when the contract was made. If the court cannot afford relief, it must admit its inability to do equity. The court can determine by reference the fact and compel performance of the contract according to its spirit and intent, and thus secure exact justice between the parties." ·

While that was an action for specific performance, the principle is applicable in this case. The parties have a valid binding lease for the renewal period of five years. They have, however, been unable to agree on appraisers. A partition action is pending and in that action the court may determine the rental value of the premises. (*Mutual Life Ins. Co.* v. *Stephens*, 214 N. Y. 488; 1 Cornell L. Quart. 225; 36 Harvard L. Rev. 726.)

It is urged by respondents that such procedure cannot be followed in a partition action, even though it is proper in an action for the specific performance of a contract to renew a lease. In that we think they are in error. While an action to partition real property is a statutory action, still it partakes of the nature of an action in equity and is controlled by equitable principles when not in conflict with the statutory provisions applicable.

If a decree should be entered in this case directing a sale of the premises subject to the lease in question without first fixing the

rental to be paid under the renewal thereof, it is apparent that no one but the defendant Silverman or his corporation, Syracuse Motor Car Company, Inc., could safely bid on the property. A bidder could not know how much rent he would receive from the tenant during its five-year term. Neither could he know how that rent could be determined. He might in fact be purchasing a law suit. The mere statement of the situation is sufficient to establish the proposition that a court of equity should not make such a decree. Equity will not make a decree which is manifestly inequitable. It will not lend itself to the perpetration of a wrong, but having acquired jurisdiction of an action it will afford complete relief.

The allegations of the amended complaint which it is urged constitute a separate cause of action which cannot be properly joined in a partition action do not, in our opinion, constitute a separate cause of action. They are simply allegations incident to the principal allegations necessary in a partition action. They recite the facts necessary to establish the right to the incidental relief of having the rental under the renewal lease fixed by the court so that the property may be sold in a way that will be fair and equitable to all parties in interest and not in a way that will give the defendant Silverman and the tenant an unfair advantage. Suppose that the mortgage held by the defendant trust company was given to secure balances due on drafts, overdrafts, checks, notes, etc., and the trust company had set up in its answer that there was $10,000 unpaid and secured thereby, and the plaintiff or one of the other defendants had contended that only $5,000 remained unpaid or secured thereby. We think there could be no doubt but what a court of equity would settle that issue before decreeing a sale of the property subject to the mortgage. (*Bogardus* v. *Parker*, 7 How. Pr. 305.)

We think the same practice should be followed in reference to the lease in question.

We deem it immaterial whether or not the statute applicable to partition actions so provides. Certainly the statute does not provide that such practice shall not be followed. So far as applicable the statute controls and must be followed, but where a situation arises calling for the application of equitable principles in aid of the provisions of the statute, a court of equity should apply those principles in order that its decree may work full and complete justice between the parties.

It would also seem that the provisions of the statute itself are broad enough to justify such practice. Section 1021 of the Civil Practice Act provides that a tenant for years is a proper party

defendant, and section 1024 reads, in part: " The interlocutory judgment must declare what is the right, share or interest of each party in the property, as far as the same has been ascertained, and must determine the rights of the parties therein." Section 1074 provides that the judgment may reserve and leave unaffected by the action the right and interest of a tenant for years of the whole property. That is, a sale of the property may be made subject to the interest of a tenant for years of the entire property.

How can an interlocutory judgment under section 1024 determine the rights of the tenant, Syracuse Motor Car Company, Inc., and declare its " right, share or [and] interest  *  *  * in the property " without stating and adjudging the annual rent to be paid under the renewal lease? To recite that its " right, share and interest " was that of a tenant for five years without stating the terms of the tenancy and the rent to be paid would fall far short of stating its " right, share and interest." The same rule is applicable to section 1074. The right and interest of the tenant should be stated in the judgment, and such statement should specify the terms of the lease, which includes the amount to be paid for rent. We think, therefore, that the amended complaint states only one cause of action and that the court has jurisdiction to determine the annual rental to be paid under the renewal lease.

The broad powers exercised by courts of equity in partition actions, and the principles governing the exercise of those powers, are illustrated in the following cases: *Best* v. *Zeh* (82 Hun, 232; affd., 146 N. Y. 363); *Delcambre* v. *Delcambre* (210 id. 460); *Yung* v. *Blake* (156 App. Div. 211); *Jordan* v. *Poillon* (77 N. Y. 518); *Johnson* v. *Aleshire* (130 App. Div. 178); *Lawrence* v. *Norton* (116 id. 896); *Satterlee* v. *Kobbe* (173 N. Y. 91). We think the principles stated in those cases control the decision of this case.

The order striking out the amended complaint and appointing a referee to sell should be reversed upon the law, with ten dollars costs and disbursements, and the amended complaint reinstated, with ten dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order reversed on the law, with ten dollars costs and disbursements, motion denied, with ten dollars costs, and amended complaint reinstated.