OPINION OF THE COURT
Benjamin F. Nolan, J.
On December 21, 1978, oral argument was heard on tenants’ oral motions to dismiss the petitions in these commercial summary proceedings on grounds that as a result of an in rem foreclosure proceeding in Bronx Supreme Court petitioner has lost the right to possession of the premises.
These three proceedings were commenced in this court on November 22, 1978 to recover rent arrears and possession of individual store premises in the building at 401 East 163rd Street, Bronx, New York. Answers have been interposed in each proceeding, alleging (1) lack of lawful service of process, (2) improper party defendant, (3) violations, (4) breach of lease, (5) lack of heat, (6) lack of elevator service, (7) lack of hot water, (8) leaking pipes and (9) broken and open sewer line.
The in rem action (Bronx Supreme Ct, index No. 4000-77) was brought pursuant to chapter 17 of the Administrative *643 Code of the City of New York to foreclose against a number of properties. Included among them was Action 31, Serial 812, brought to foreclose on some $79,000 worth of delinquent real estate and water/sewer tax liens against the building at 401 East 163rd Street (Lot 7, Block 2391, Section 9) in which the commercial premises are located. The delinquent taxes had remained due and unpaid for three years or more. On November 16, 1977, this petitioner, Deern Realty Corp., served an answer in that action! On August 8, 1978 a judgment of foreclosure was entered in the over-all action, which provided for severance of any parcels as to which an answer had been interposed, with leave to the City of New York to proceed against such answer to a final disposition under the caption of the foreclosure action. The property of this petitioner, Deern Realty, was among the parcels severed because of its answer interposed on November 16, 1977. On November 9, 1978, the City of New York, by motion returnable on November 23, 1978, moved for an order striking petitioner Deern Realty’s answer. On the return date of that motion, petitioner defaulted, and, on December 11, 1978, the Supreme Court granted the city’s motion and called for judgment to be settled. Since a judgment of foreclosure in the over-all in rem action had already been entered under the caption of the action, it was necessary for the Supreme Court to reflect the foreclosure against the Deern property in a supplemental judgment of foreclosure under the same caption, which was signed on December 28, 1978, and which awarded possession of and title to the Deern property to the City of New York. Since this court takes judicial notice of that action and the afore-mentioned judgment of December 28, 1978, there is no way that possession can hereafter be awarded to petitioner Deern Realty Corp. in these summary proceedings; and. there is no right to rent in a summary proceeding unless possession also is a concommitant right. (3 Rasch, NY Landlord and Tenant [2d ed], § 1356; Brown, v Ritter, NYLJ, Dec. 21, 1977, p 16, col 2; Estragón Realty Corp. v Jensen, NYLJ, Nov. 18, 1977, p 13, col 4.) Accordingly, tenants’ oral motions to dismiss these summary proceedings are granted, without prejudice to petitioner’s right, if any, to bring a plenary action for the back rent in the regular part of the Civil Court or the Supreme Court. The issues raised by the answers, including lack of in personam jurisdiction, are thus rendered moot.