■ In the Matter of DAVID M. METCHICK, Respondent, v COLLEEN DUBRAY, Appellant.—Yesawich, Jr., J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered June 2, 1986, which granted petitioner's application, in a proceeding pursuant to RPAPL article 7, to, *inter alia,* remove respondent from possession of certain real property.

Petitioner initiated this proceeding, pursuant to RPAPL article 7 to evict respondent. In his verified petition of April 25, 1986, petitioner alleged that: he was the owner and landlord of the realty involved; the property was allegedly occupied by respondent as a holdover tenant; the tenancy had its origins in a month-to-month tenancy, the monthly rent being $350; this oral lease expired October 31, 1985; notice to surrender the premises was given, and past due rent demanded, in September 1985, on various other occasions and also in the course of an aborted eviction proceeding, unre-

solved on the merits, commenced in January 1986; although demanded, respondent had failed to pay the rent due commencing August 1985; and her continued occupation of the premises was without permission. The accompanying notice of petition declared that a hearing on the petition was to be held May 1, 1986.

Respondent's answer, dated April 30, 1986, denied the relevant allegations of the petition and, as defenses, asserted that "petitioner does not have title to the premises" and further that "respondent was in possession when petitioner purportedly purchased the premises and was on notice that she occupied the premises not as a tenant".

In his brief, petitioner claims that on May 1, 1986, the scheduled hearing date, respondent appeared but failed to demand a trial; in her brief, respondent maintains that County Court indicated counsel would be notified of a hearing date but no such notice was furnished. These assertions only kindle speculation, for the record is barren as to what transpired at that time. Since what occurred then may have a significant bearing on the outcome of this appeal, the matter is remitted for the purpose of having this aspect of the record clarified.

Decision withheld, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.