■ In the Matter of DAVID M. METCHICK, Respondent, v COLLEEN DUBRAY, Appellant.—Yesawich, Jr., J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered June 2, 1986, which granted petitioner's application, in a proceeding pursuant to RPAPL article 7, to, inter alia, remove respondent from possession of certain real property.

This matter is before us after having been remitted to County Court to determine what transpired on May 1, 1986, the return date of petitioner's petition (see, 131 AD2d 951). While it is unclear from the "so-called" reconstruction hearing what actually occurred, no one contends that respondent affirmatively waived the trial she was entitled to have on the return day (see, RPAPL 745). County Court was under the impression that the matter was being submitted on the pleadings because the court calendar contained the notation "PA-PERS". Apparently, this was not confirmed with respondent. Petitioner claims he requested the opportunity to submit reply affidavits. County Court recorded on the calendar "Reply on or before 8 May" and marked the case submitted.

However, neither a reply affidavit nor a reply pleading is contemplated by the statutes providing for summary proceedings, which must be strictly construed (see, Cotignola v Lieber, 34 AD2d 700, 701; see also, 5 Warren's Weed, New York Real Property, Summary Proceedings, § 1.04 [4th ed]). If petitioner's request was to amend his pleadings and thereby avert a trial by showing that no issue of fact existed, a return date for respondent's amended answer and a trial, in the event the pleadings left a material issue of fact unresolved, should have been set within 10 days of the original return date (RPAPL 745). If, as is more likely considering the affidavits submitted, petitioner sought to resolve the matter by summary judgment, a return date for respondent's opposing papers should have been set, coincident with the date of the adjourned trial (see, CPLR 406, 3212; see generally, Siegel, NY Prac § 577, at 812). In either event, although it was unwise for respondent to ignore petitioner's affidavits (for the appeals this litigation has generated could have been avoided by prompt inquiry as to their procedural status), the fact remains that respondent was

not made aware of when or in what form to respond to those affidavits. Since the function of petitioner's reply affidavits is ambiguous and we find no basis in the record to conclude that respondent waived the trial to which she was entitled on May 1, 1986, the aim of this summary proceeding statute—an adjudication to be made on the return day of the petition—can best be served by remitting the matter for trial. That respondent has since evidently vacated the subject premises does not obviate the need for a trial, for petitioner was awarded money damages as well as possession.

Order modified, on the law, without costs, by reversing so much thereof as granted petitioner judgment in the amount of $3,150, with interest thereon; matter remitted to the County Court of Albany County for trial; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.