ALLSTATE MANAGEMENT CORPORATION, as Managing Agents for Jamesway Plaza Associates, Ltd., Respondent, v GRAND UNION COMPANY, Appellant.

Third Department, December 15, 1988

### APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey (William S. Helmer* of counsel), for appellant.

*Parisi, DeLorenzo, Gordon, Pasquariello & Weiskopf, P. C. (Richard H. Weiskopf* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Respondent leases property for the operation of a supermar-

ket in the Village of Cobleskill, Schoharie County, from Jamesway Plaza Associates, Ltd. (hereinafter the plaza), a shopping center managed by petitioner. Sometime before 1985, the Village undertook to extend its sewer system to certain property, including the plaza; until then the plaza had apparently been paying a fee to the owner of a private sewer line linked to the Village's sewer system to enable the plaza's tenants to use the private sewer line. The sewer extension project was financed by government grants and the issuance of approximately $100,000 in bond anticipation notes. Property owners benefiting from the sewer extension were assessed for the annual debt service on the notes based upon the proportion that their assessed property value bore to the assessed value of all the property benefited.

For fiscal years 1985 and 1986, the assessment for the plaza came to $9,513.94, of which petitioner billed respondent for $1,429.47, which is one half of respondent's pro rata share of the assessment based upon floor space at the plaza. This billing was premised upon paragraph 3 of respondent's lease which requires it to share with the landlord one half the cost of repairs or changes to the premises necessitated by Federal, State or local laws, regulations, ordinances or orders. When respondent refused to pay, petitioner commenced this summary proceeding to recover possession of the leased premises and for a judgment for rent due of $1,429.47.

Petitioner maintained that the sewer assessment was partially chargeable to respondent by the terms of its lease under either paragraph 3 or paragraph 5, which provides that respondent is to pay all sewer charges if they are based upon water consumption, or paragraph 41, which requires respondent to reimburse the landlord for its pro rata portion of any increase in real estate tax assessment not due to future construction. County Court held that respondent was delinquent in that the sewer assessment constituted a real estate tax increase within the meaning of paragraph 41 of the lease, but because the amount in dispute was miniscule relative to respondent's total rent obligation, which was said to approach $100,000 annually, the court refused to grant petitioner possession and merely awarded a judgment for the rent due with interest. Respondent appeals from that judgment, arguing that County Court in a summary proceeding lacked jurisdiction to award rent due without concomitantly awarding petitioner possession, and that in any event the special sewer

assessment is not a real estate tax within the meaning of paragraph 41 of its lease.

Although the summary proceeding statute must be strictly construed (Matter of Metchick v Dubray, 138 AD2d 772), particularly with respect to jurisdictional matters (see, Dulberg v Ebenhart, 68 AD2d 323, 328), RPAPL 747 (1) does grant general authority to determine the rights of the parties, and this includes making an award for rent due (see, RPAPL 741 [5]). For there to be an award of rent due it must appear only that the landlord is entitled to possession (see, Deern Realty Corp. v Bronx Statutory, 98 Misc 2d 642, 643; 14 Carmody-Wait 2d, NY Prac § 90:276, at 227); it is not essential to an award of rent due that it be indissolubly joined with a judgment of possession. Indeed, allowing such a remedy fits well within the broadened power of the court granted by the Legislature in RPAPL 747 (1) (see generally, Sessa v Blakney, 71 Misc 2d 432, 434; Papp v Maffei, 64 Misc 2d 739, 742; but see, 3 Rasch, New York Landlord and Tenant—Summary Proceedings § 1356, at 175-176 [2d ed]). In the case at bar, County Court implicitly held that petitioner was entitled to possession but rightly determined that an award of possession was "wholly inappropriate" in view of the "de minimus" amount of rent claimed relative to respondent's annual rental. In so deciding, the court did not exceed the authority granted to it by RPAPL 747 (1).

However, the finding upon which that decision was based is, we think, unsound. Unless the terms of a lease clearly so provide, no additional liabilities are to be imposed upon the tenant; and where there is uncertainty as to the meaning of language used in a lease, the ambiguity is to be resolved against the landlord (151 W. Assocs. v Printsiples Fabric Corp., 61 NY2d 732, 734). Those principles, coupled with the fact that the RPTL recognizes a marked distinction between a tax and a special assessment (see, RPTL 102 [2], [15], [20]; see also, Church of Christ the King v City of Yonkers, 115 Misc 2d 461, 463), leads us to conclude that paragraph 41 of respondent's lease refers only to the former and not to special assessments such as the subject sewer assessment.

MAHONEY, P. J., CASEY, LEVINE and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as awarded petitioner $1,429.47 with interest; petition dismissed in its entirety; and, as so modified, affirmed.