Kane, J.
Appeal from an order of the Supreme Court (Hall, Jr., J.), entered February 15, 2008 in Washington County, which, among other things, granted defendant’s cross motion to dismiss the complaint.
In September 1994, defendant commenced a summary proceeding against plaintiffs in the Justice Court of the Town of Fort Ann seeking to evict them and collect back rent, taxes and liquidated damages under the parties’ commercial lease. The Justice Court of the Town of Kingsbury sent the parties a letter stating that it would be handling the summary proceeding. In October 1994, the Kingsbury Justice Court rendered a $35,012.37 judgment against plaintiffs. A transcript of that judgment was issued in August 1997. Neither the Town of Fort Ann nor the Town of Kingsbury have a file or any records of the summary proceeding or judgment.
In 2006, defendant filed the transcript of judgment with the County Clerk’s office as part of his efforts to enforce the judgment against property that plaintiffs had acquired. Plaintiffs commenced this action seeking a permanent injunction preventing defendant from enforcing the 1994 judgment and a declaration that the judgment was invalid because the Kingsbury Justice Court lacked subject matter jurisdiction. In response to plaintiffs’ motion for a temporary restraining order, defendant cross-moved for dismissal of the complaint. Supreme Court denied plaintiffs’ motion and granted the cross motion. Plaintiffs appeal.
Because Kingsbury Justice Court did not have subject matter jurisdiction over the 1994 proceeding, the resulting judgment is void. Justice courts are statutorily granted jurisdiction over “summary proceedings to recover possession of real property located in whole or in part within the municipality, to remove tenants therefrom, and to render judgment for rent due without regard to amount” (UJCA 204; see RPAPL 711). For a court to obtain jurisdiction in a proceeding governed entirely by statute, the parties must strictly comply with the statutory requirements (see Matter of Cat Hollow Estates, Inc. v Savoia, 46 AD3d 1293, 1294 [2007]; Allstate Mgt. Corp. v Grand Union Co., 142 AD2d 344, 346 [1988]). Kingsbury Justice Court lacked subject matter jurisdiction because the property at issue was outside the court’s geographical limits and the amount sought—which was not only for rent due—exceeded the court’s monetary limits.
*1003 It is undisputed that the property described in the parties’ lease was located in the Town of Fort Ann, not the Town of Kingsbury. Although Kingsbury Justice Court sent a letter indicating that the proceeding had been transferred, the record does not include any proof that an order of transfer was obtained from County Court (see CPLR 325 [g]). Even had the proceeding been transferred in accordance with the CPLR, UJCA 204 only grants jurisdiction to a justice court over summary proceedings concerning property within its municipality. Thus, if no justice of Fort Ann Justice Court was available to preside over the summary proceeding, a transfer to another justice court would not endow the transferee court with jurisdiction; the proceeding should have remained in the original court and another justice should have been assigned to that court to handle that proceeding (see UJCA 106 [2]; Arcate v Hole in the Wall Gang, 179 Misc 2d 520, 521 [1999]). Kingsbury Justice Court did not have subject matter jurisdiction over the summary proceeding because the property at issue was outside the court’s geographical limits.
Kingsbury Justice Court also lacked subject matter jurisdiction to grant a $35,012.37 judgment covering tax payments and liquidated damages under a lease. Except for recovery of “rent due,” which may be recovered “without regard to amount” (UJCA 204), the jurisdiction of justice courts in actions or proceedings to recover money is limited to $3,000 (see UJCA 202). Liquidated damages and tax payments are not “rent due,” but constitute damages for breach of contract which are not recoverable in a summary proceeding (see Ross Realty v V & A Fabricators, Inc., 42 AD3d 246, 250 [2007]). As courts lack subject matter jurisdiction to act beyond their monetary and geographical limitations (see Morrison v Budget Rent A Car Sys., 230 AD2d 253, 259 [1997]), Kingsbury Justice Court was without jurisdiction to grant defendant a money judgment for any amount over $3,000, other than for rent due.
Defendant contends that plaintiffs are estopped from challenging Kingsbury Justice Court’s subject matter jurisdiction because they failed to raise the issue in that court, in their prior bankruptcy proceeding or in a prior Supreme Court matter, and permitting them to do so after more than a decade would be inequitable. Contrary to this assertion, a defect in subject matter jurisdiction may be raised at any time by any party or by the court itself, and subject matter jurisdiction cannot be created through waiver, estoppel, laches or consent (see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [2008]; Matter of Rougeron, 17 NY2d 264, 271 [1966], cert denied 385 US 899
*1004 [1966]; Morrison v Budget Rent A Car Sys., 230 AD2d at 260; Matter of Anthony J., 143 AD2d 668, 668-669 [1988]; Marine Midland Bank v Bowker, 89 AD2d 194, 195-196 [1982], affd 59 NY2d 739 [1983]; Priel v Linarello, 7 Misc 3d 64, 67 [2005], affd 44 AD3d 835 [2007]). This rule does not apply where the court had jurisdiction of the general subject matter, but lacked power to act in the particular case or a particular aspect of the case (see Matter of Rougeron, 17 NY2d at 271 [summarizing that “ ‘subject matter’ does not mean ‘this case’ but ‘this kind of case’ ”]; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 280 [2006], appeal dismissed 8 NY3d 837 [2007]). Here, while Kingsbury Justice Court has jurisdiction over summary proceedings, it did not have geographical jurisdiction over defendant’s proceeding. Thus, the exception does not apply and plaintiffs cannot waive or be estopped from arguing that the court lacked subject matter jurisdiction. As the court lacked subject matter jurisdiction, the resulting judgment is void (see Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]; Morrison v Budget Rent A Car Sys., 230 AD2d at 260).
Since the 1994 judgment was void ah initio, defendant’s cross motion to dismiss for failure to state a cause of action should have been denied. The procedural posture of this appeal—review of an order denying a motion for a temporary restraining order and granting a cross motion to dismiss—would generally require this Court to remit the matter for further proceedings. Yet our determination as a matter of law that the 1994 judgment was void actually dictates the ultimate outcome of this action, allowing us to enter a final disposition. We therefore not only grant plaintiffs’ motion for a temporary restraining order, but grant a permanent injunction against defendant enforcing the void 1994 judgment and issue a declaration regarding that judgment’s invalidity.
Spain, J.P., Carpinello and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant’s cross motion to dismiss denied, plaintiffs’ motion granted, it is declared that the October 1994 judgment of the Town of Kingsbury Justice Court is void, and a permanent injunction is issued prohibiting defendant from enforcing that judgment.