WILLIAM WALTHER, as Executor of the Last Will and Testament of HENRIETTA WALTHER, Deceased, Appellant, *v.* CHARLES REGNAULT, PHILIP J. REGNAULT, Respondents, and MARY RIEDERER, Appellant.

*Collection of rents, through mistake of fact, in a wrong capacity — the party so collecting them is liable individually to account to the parties entitled thereto — right to partition a leasehold estate — damages recoverable after the term has expired — administrator taking a renewal thereof in his own name.*

A testator, one John B. Regnault, left a will by which he gave and bequeathed to his widow, Henrietta Regnault, all his property, both real and personal, in such a manner that she should have the free use of the income of the same, and especially of all leases of real estate which might be drawn in his name, and further directed that the estate left by her at the time of her decease should pass to his children in equal shares.

The widow qualified, as administratrix with the will annexed, and on her death letters of administration upon her estate were issued to Charles R. Regnault, a son, who collected the rent of the leasehold premises, supposing the leasehold estate to have been the property of the widow. The leasehold estate, in fact, constituted part of the estate of John B. Regnault, the testator.

*Held,* that, upon the decease of the widow, the children of John B. Regnault became entitled to the leasehold estate, as tenants in common, and that they were entitled to an accounting from Charles R. Regnault for the rents received by him, although they were collected under the erroneous supposition that he was entitled to collect them as the administrator of his mother's estate.

That such children were also entitled to maintain an action for the partition of this leasehold estate under section 1532 of the Code of Civil Procedure.

While a leasehold estate has been designated by the statute as assets to be administered by the executor or administrator, the statute has not provided for any division or distribution of such an estate by the action of the surrogate, although it may be sold where that becomes necessary for the payment of debts. Where there are no debts it vests in the parties entitled thereto as tenants in common, who are entitled to bring an action for the partition thereof, and by section 1589 of the Code of Civil Procedure are entitled to an accounting for the rents received.

That the fact that there could be no actual partition of the leasehold estate, or any sale thereof, for the reason that at the time of the trial of the action the leasehold term had ended, did not prevent the court from decreeing an accounting of the rents and income received therefrom.

*Quære,* whether an administrator, with the will annexed, of an estate in which is included a leasehold interest, the lease of which contains a provision for a renewal thereof for a further term, can legally take a renewal of such lease in his capacity as administrator with the will annexed.

APPEAL by the plaintiff William Walther, as executor, etc., from a judgment, entered in the office of the clerk of the county of New York on the 4th day of December, 1889, in favor of the defendants, Charles Regnault and Philip J. Regnault, dismissing the plaintiff's complaint upon the merits, with costs; and also from an order, entered in said clerk's office on December 3, 1889, granting to said defendants an extra allowance; and also an appeal by the defendant Mary Riederer from said judgment, in favor of the defendants, Charles Regnault and Philip J. Regnault, and also dismissing her answer herein upon the merits as to said two defendants so far as the same demands any judgment whatever against them, with costs in their favor against her.

The action was brought for an accounting for rents, issues and profits collected and received from certain leasehold premises; and also for a partition of the said lands and premises, or of the estate or interest therein acquired under and by virtue of said lease, or in case an actual partition could not be made for a sale thereof.

*Henry F. Lippold*, for the appellants.

*Emil S. Arnold*, for the respondents.

DANIELS, J.:

The action was commenced on the 8th day of October, 1888, for the partition of a leasehold estate. The estate was owned by John B. Regnault, who died on or about the 3d of February, 1880. He left a will by which, after the payment of his debts, he gave and bequeathed to his widow, Henrietta Regnault, all his property, both real and personal, in such a manner that she should have the free use of the income of the same, and especially of all leases of real estate which might be drawn in his name. And he further directed that the estate left by her at the time of her decease should accrue to his children in equal shares. The person nominated as executor in the will died prior to the decease of the testator, and letters of administration with the will annexed were thereupon issued to the testator's widow. And she continued in the use and occupation of the property until the time of her own decease, which was on the 19th of April, 1887. And on the thirty-first of May of the same year letters

of administration upon her estate were issued to Charles R. Regnault, a son of these parties. And he immediately took possession of the premises in controversy and collected the rents, supposing and believing, as the other children did, that the leasehold estate was the property of the widow at the time of her decease. And they continued in this belief until near the time of the commencement of this action, after which letters of administration with the will annexed upon the estate of John B. Regnault were issued by the surrogate of the county of New York to the same person. On the 5th of February, 1888, Henrietta W. Regnault, who was also one of the children of the testator, died, leaving a will in which she nominated the plaintiff, her husband, as her executor. And letters testamentary were issued to him on the 28th of April, 1888. There were no debts owing by the testator at the time when letters of administration upon the estate of his widow were issued, and the estate, which the action was brought to partition, consisted of a term of years created by a lease made on the 6th of May, 1869, and extending for the period of twenty years. It appeared upon the trial that after the decease of the widow, and up to the time of the decease of the daughter of herself and the testator, the defendant Charles Regnault collected the rents and income of the leasehold estate, and that this was done under the supposition that he was entitled to do so as the administrator of the widow's estate. In fact, he was not so entitled, as the case was determined at the trial.

And while he ostensibly acted in the capacity of the administrator of the widow's estate, his only right or title to collect and receive the rents of the leasehold estate was that which vested in him as a tenant in common with the other children of the testator John B. Regnault. That resulted from the language of the testator's will, by which he evidently intended to give his estate to his widow for her life, or until she should marry again. And after the occurrence of either of these events, that the estate should then be divided equally among his children. This was a valid disposition of his estate. And as it was intended by him that his children should take the property in equal shares after the decease or remarriage of the widow, that intention is required to be supported and carried into effect by the law. ( *Wager* v. *Wager*, 96 N. Y., 164.) The remainder, after the decease of the widow, as she did not marry

again, became the property of the testator's children as tenants in common. It vested in them certainly at the decease of the widow, if not from the time of the decease of the testator. And they took their title to the property not by descent but as purchasers under the language of the will

There was no ouster of the other children of the testator by the defendant Charles Regnault, nor was there any adverse possession of the property, but the rents were collected and received under the erroneous supposition merely that he was entitled to collect them as the administrator of his mother's estate. But after this was found to be an erroneous view of his relation to the property, and after the commencement of this suit, he took out letters of administration upon the estate of his father, the testator. He was, therefore, in judgment of law, in the possession of this property solely as a tenant in common. And his possession was constructively that also of the other tenants in common interested equally with him in the property. And that vested the daughter of the testatrix and the wife of the plaintiff with an equal right to the rents and profits of the property with the other children of the testator, including Charles Regnault, who was in receipt of such rents. And for those rents they were entitled to an accounting from him for their shares in this manner received by him. They were also entitled, under the language of section 1532 of the Code of Civil Procedure, to maintain an action for the partition of this leasehold estate. For that has provided, where two or more persons hold and are in possession of real estate as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life, or for years, that one or more of them may maintain an action for the partition of the property. And this possession has not been required to be the actual, but it may be the constructive, possession of the property. And the plaintiff's testatrix was in such possession from the time of the cessation of the life estate provided by the testator's will for his widow, from the period of her decease until she herself departed this life. And her share of the rents and income of this leasehold estate vested in and was owing to her at the time of her decease. And after that event had taken place they were payable to and collectible by the plaintiff as her executor. And it was a substantial part of the action prosecuted by him that this accounting for these

rents and income should take place, and that the defendant Charles Regnault, who had received them, should pay over to the plaintiff the proportion of those moneys owing to his wife at the time of her decease. And that liability, under the circumstances, appears to be sustained by the law relating to this case.

It is true that the leasehold estate has been designated by the statute as assets to be administered by the executor or administrator, but the statute has provided for no division or distribution of an estate of this description by the action of the surrogate. It may be sold, where that becomes necessary, for the payment of debts, but that necessity did not exist in this case, for there were no debts of the testator remaining unpaid; and in that event the provisions of the statute, which have been referred to, vesting each tenant in common with the right to maintain an action for the partition of the estate, and by section 1589 to an accounting of the rents received, became controlling and effectual over this property, securing to each one of the tenants in common the right to maintain the action of partition and for an accounting. (*Brevoort* v. *Brevoort*, 70 N. Y., 136, 139.) And to that extent this action should have been sustained instead of dismissing the complaint as that was done at the trial.

But the further relief which it was the object of the action to attain was not then within the power of the court. There could be no actual partition of the leasehold estate, neither could a sale be directed. For, at the time of the trial, this leasehold term had ended, and the tenancy in common by that event in this term of years had ceased. But the cessation of that term in no manner prevented the plaintiff from obtaining an accounting of the share of the rents and income received up to the time of the decease of his wife.

By the terms of the lease the lessee became entitled to a renewal of it for another term of twenty years at a rent to be fixed according to the appraised value of the land, or to payment of the value of the building erected and being upon the property. And such a lease was taken by the defendant Charles Regnault in his capacity of administrator with the will annexed of the estate of John B. Regnault, deceased. Whether he could legally take the renewal lease in that manner it is not necessary to consider or decide. For, if he could not, the disposition of any controversy relating to that subject

must necessarily be made in another action, unless it shall be satisfactorily arranged by the parties between themselves.

But the plaintiff, as the executor of the estate of his wife, was entitled to an accounting for her share of the rents and income of this leasehold property. And so was the defendant Mary Riederer entitled to a similar accounting. And all the parties who may be interested in that accounting have been made defendants in this action.

The final judgment should be reversed, with costs to the appellants to abide the event, and an accounting ordered concerning these rents and income before a referee to be appointed by the court, and the right of the parties to costs in the action reserved until the confirmation of that report.

Van Brunt, P. J., and Brady, J., concurred.

Final judgment reversed, with costs to the appellants to abide event, and ordering an accounting concerning the rents and income before a referee to be appointed by the court. The right of the parties to costs in the action reserved until the confirmation of that report.