■ MARION H. CLARK, Respondent, v RICHARD J. CLARK, Appellant, et al., Defendants.—Appeal from a judgment of the Supreme Court at Special Term, entered March 25, 1974 in Clinton County, which confirmed the report of the referee in an action for partition. The appellant takes issue with an interlocutory judgment confirming a referee's report which, among other things, directed the sale of real property owned by the parties as tenants in common and directed that the proceeds thereof be held by the referee appointed to sell the premises, subject to disposition by further order and final judgment of the court. Although the appellant is correct in his contention that the order of reference is somewhat unclear as to whether the referee was appointed to determine (CPLR 4301) or to report (CPLR 4320), the subsequent entertainment by the court of a motion to confirm clearly indicates that the latter type of reference had been ordered (CPLR 4403). Appellant participated in the trial before the referee, albeit without counsel, and was represented by an attorney on the motion to confirm the report which resulted in the instant judgment. We find no reversible error in the ambiguity of the order of reference or in the further claims of undue delay advanced in the first point of appellant's brief. Appellant's remaining claims are similarly lacking in merit. Although he correctly states that a jury trial is mandated by section 907 of the Real Property Actions and Proceedings Law, his then attorney consented to trial by a referee, as reflected in the order of reference. Said trial was duly held. Appellant's contention that Special Term failed to make findings of fact is belied by the face of the judgment appealed from. Judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.