■ MARY GEORGE, D.M.D. and RALPH EPSTEIN, D.D.S., P. C., Appellant, v J. WILLIAM BRIDBORD, D.D.S., P. C., Defendant and Third-Party Plaintiff-Respondent. MARY GEORGE et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant.—In an action, *inter alia,* for specific performance of an alleged joint venture agreement, in which defendant has counterclaimed and interposed a third-party complaint for partition, the plaintiff, a professional corporation named Mary George, D.M.D. and Ralph Epstein, D.D.S., P. C., and the third-party defendants Mary George and Ralph Epstein, individually, appeal, as limited by their brief, (1) from stated portions of an interlocutory judgment of the Supreme Court, Nassau County (Murphy, J.), entered October 5, 1984, which, *inter alia,* incorporated the terms of an order dated March 19, 1984, which, *inter alia,* granted defendant's cross motion for partial summary judgment on its fifth cause of action as against appellants for partition, and (2) from an order of the same court, entered May 24, 1984, which denied their motion for reargument of the aforementioned cross motion. (Plaintiff and third-party defendants' notice of appeal from the order dated March 19, 1984 is deemed to be a premature notice of appeal from the interlocutory judgment *[see,* CPLR 5520 (c)]).

Appeal from the order entered May 24, 1984 dismissed, without costs or disbursements. No appeal lies from the denial of a motion for reargument *Harper v Prudential Ins. Co.,* 102 AD2d 863; *Klatz v Armor Elevator Co.,* 93 AD2d 633).

Interlocutory judgment entered October 5, 1984, reversed, insofar as appealed from, without costs or disbursements, defendant's cross motion for partial summary judgment on its fifth cause of action denied, and matter remitted to Special Term for further proceedings pursuant to RPAPL article 9. Order dated March 19, 1984 modified accordingly.

In June 1982, defendant entered into a 10-year lease of commercial office space in which defendant's sole shareholder, Dr. J. William Bridbord, was to operate a dental suite. It is alleged that defendant and plaintiff subsequently entered into a joint venture to share the use of this suite and the costs of

constructing and maintaining it. In November 1982, defendant assigned its leasehold interest to it and plaintiff as joint tenants of the suite, and the parties entered into a lease modification agreement with the landlord owner of the suite, ESR Realty Co.

When the parties were unable to resolve disagreements concerning their respective rights to the use of the suite, plaintiff sued for specific performance of what it alleged was the joint venture agreement. Defendant counterclaimed and instituted a third-party action against the two individual practitioners who are the stockholders of plaintiff and against ESR Realty, the landlord. It demanded partition of the leased property in its fifth cause of action. Plaintiff moved to disqualify defendant's counsel and defendant cross-moved for partial summary judgment on its fifth cause of action. Appellants, in response to the cross motion, asked the court to dismiss the fifth cause of action pursuant to CPLR 3212 (b). In a decision and order entered February 17, 1984, Special Term denied both the motion and cross motion and dismissed the fifth cause of action. The denial of the motion to disqualify defendant's counsel is not in issue on this appeal.

Defendant moved for leave to reargue its cross motion. Special Term granted reargument and, upon reargument, it reversed its prior decision, and, by order dated March 19, 1984, granted defendant's cross motion for partial summary judgment for partition as against appellants. Appellants then brought a motion for reargument, which was denied in an order dated May 24, 1984. An interlocutory judgment appointing commissioners pursuant to RPAPL 915 was subsequently made and entered. That judgment also directed the commissioners to "determine the right [and] share of each party in the leased premise".

Two issues must be resolved on these appeals. First, can defendant receive the relief of partition pursuant to RPAPL article 9 when the interest involved is a leasehold? Second, if the first answer is affirmative, are there questions of fact sufficient to preclude a grant of partial summary judgment on the cause of action for partition?

As to the first question, a leasehold can be partitioned (RPAPL 901; *Deeb v Goryeb,* 258 App Div 93; *McPhillips v Fitzgerald,* 76 App Div 15, 21, *affd* 177 NY 543; *Walther v Regnault,* 56 Hun 560; *see,* 24 NY Jur 2d, Cotenancy and Partition, § 7). The fact the leased property is a suite rather than an entire building is of no relevance except in determin-

ing whether a partition is practicable or whether a sale is required instead (RPAPL 915).

However, there are unresolved factual issues which render premature the grant of an interlocutory judgment of partition. While it is established that the parties to these appeals are tenants in common to the property, their disagreements as to their respective interests, rights and share in this property remain unresolved. Before an interlocutory judgment of partition may be made, the court itself must determine these rights and declare what they are (RPAPL 907, 915; *Levine v Goldsmith,* 71 App Div 204; *see, Clark v Clark,* 55 AD2d 985). Only then does the court appoint commissioners whose only duty is to implement a partition or sale. The interlocutory judgment herein is accordingly reversed, insofar as appealed from, and the matter is remitted to Special Term for further proceedings consistent with RPAPL article 9. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.