■ KENNETH WOLFE, Respondent, v DANIEL WOLFE et al., Appellants.—In an action, *inter alia,* for partition of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 17, 1988, which directed the sale of the property.

Ordered that the appeal is held in abeyance, and the matter is remitted to the Supreme Court, Suffolk County, to a Justice other than the one who heard this matter, for an immediate determination as to whether counsel for the parties entered into an agreement to forego the partition proceeding and sell the property which is the subject of this action through a broker; and is is further,

Ordered that the stay granted by this court by order dated September 15, 1988 shall remain in effect pending the determination of this appeal.

On February 11, 1980, the plaintiff Kenneth Wolfe and the defendant Daniel Wolfe, who are brothers, acquired title to pieces of property known as Nos. 5, 7 and 9 Broadway and 148-150 Merrick Road in Amityville, New York (hereinafter the property). They acquired the property as tenants in common. Several disputes arose between the plaintiff Daniel Wolfe, his wife the defendant Sally Wolfe, and the defendant corporation Amity Vacuum, Inc., in which the individual parties were at one time officers. As a result, the plaintiff commenced the instant action for, insofar as relevant, parti-

tion of the property. Subsequently, the court ordered the defendant Daniel Wolfe to give notice of his intention to purchase, or execute a contract of sale for, the property at specified terms. Barring this, Daniel Wolfe and the plaintiff were ordered to execute a contract of sale for the property under specified terms to a third party.

The instant appeal concerns the propriety of this order. The defendants contend that the Supreme Court issued this order over their objections, without giving them a proper opportunity to be heard, and in violation of certain statutory provisions which govern partition actions (e.g., RPAPL 915). The plaintiff responds that in the court's presence counsel for each party agreed to forego the partition action and to sell the property through a broker. According to the defendants, however, the broker was only to ascertain the fair market value of the property to guide settlement negotiations.

Therefore, the dispositive issue is whether the record contains sufficient evidence to establish that counsel, on behalf of their clients, agreed to sell the property through the broker. If it does, then, obviously, the defendants' objection is without merit for they agreed to the sale. There is some evidence of such an agreement. For example, in a letter to counsel the court stated that the broker would list the property. However, the evidence is insufficient to conclusively establish that such an agreement was reached in light of the fact that the plaintiff's counsel inexplicably failed to obtain either a written stipulation or to have placed the stipulation on the record. Nor did the court at that time render an order which authorized the broker to sell the property.

In light of the conflicting facts and allegations of the parties, and the fact that this issue will have a significant effect on the outcome of this appeal, the issue of whether the parties reached such an agreement should be remitted to the Supreme Court, Suffolk County, for an immediate determination (see, Matter of Metchick v Dubray, 131 AD2d 951, mod after remand 138 AD2d 772; cf., Matter of Endy v Eimicke, 140 AD2d 520). The court may hold a hearing on this issue if it sees fit. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.