■ Loomis J. Grossman, Jr., et al., Appellants, v Betty L.
Baker, Respondent.—Order unanimously modified on the law
and as modified affirmed without costs in accordance with the
following Memorandum: Supreme Court was correct in deny-
ing defendant's summary judgment motion seeking an inter-
locutory judgment of partition and sale. Although the right to
partition is governed by statute (RPAPL 901 *et seq.*), and is
absolute in the absence of countervailing conditions *(Chew v
Sheldon,* 214 NY 344; *Wood v Fleet,* 36 NY 499; *see generally,*
24 NY Jur 2d, Cotenancy and Partition, § 131), such issues as
the interests of the parties and whether partition may be had
without great prejudice should first be determined *(Mary
George, D.M.D. & Ralph Epstein, D.D.S., P. C. v J. William
Bridbord, D.D.S., P. C.,* 113 AD2d 869).

Here, because of the commingling of income and expenses of
the family properties and the unique ownership arrangement
in those properties, there are important financial questions to
be resolved that require an accounting. An accounting is a
"necessary incident" of a partition action *(Worthing v Cossar,*
93 AD2d 515, 517), and may be had as a matter of right before
entry of an interlocutory or final judgment to ensure that the
parties' rights are fixed in such manner that a decree "may
work full and complete justice between [them]" *(Grody v
Silverman,* 222 App Div 526, 530; *see also, McVicker v Sarma,*
163 AD2d 721; *Giglio v Giglio,* 46 AD2d 921).

Supreme Court should have granted plaintiffs' motion to
dismiss defendant's affirmative defenses asserting unclean
hands and estoppel. Although partition is subject to the equi-
ties between the parties *(Ripp v Ripp,* 38 AD2d 65, *affd* 32
NY2d 755), those defenses are not available in a partition
action *(Jones v Gabrielli,* 6 AD2d 542; *Jurdak v Figueroa,* 34
Misc 2d 4; *see also, Socoloff v Socoloff,* 14 Misc 2d 604). We
therefore modify to dismiss defendant's second and third
affirmative defenses. (Appeal from Order of Supreme Court,
Monroe County, Willis, J.—Summary Judgment.) Present—
Denman, P. J., Green, Balio, Boehm and Fallon, JJ.