■ KENNETH WOLFE, Respondent, v DANIEL WOLFE et al., Appellants.—In an action, inter alia, for partition of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 17, 1988, which directed the sale of the property. By decision and order dated December 19, 1988, the matter was remitted to the Supreme Court, Suffolk County, for a determination as to

whether counsel for the parties entered into an agreement to forego partition and sell the property which is the subject of this action through a broker, and the appeal was held in abeyance in the interim *(see, Wolfe v Wolfe,* 145 AD2d 556). The Supreme Court has now complied. Justices Lawrence and Miller have been substituted for former Presiding Justice Mollen and the late Justice Kooper *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to RPAPL article 9.

The facts underlying this partition action were set forth in our prior decision and order *(see, Wolfe v Wolfe,* 145 AD2d 556, *supra).* In view of the Supreme Court's determination that the parties never entered into an agreement to forego partition and sell the property which is the subject of this action, the order directing the sale of the property must be reversed. In the absence of such an agreement, the plaintiff's right to partition of the property remains governed by statute (RPAPL 901 *et seq.),* and before partition or a sale may be directed, "such issues as the interests of the parties and whether partition may be had without great prejudice should first be determined" *(Grossman v Baker,* 182 AD2d 1119; RPAPL 915; *George v Bridbord,* 113 AD2d 869). While the record establishes that the plaintiff Kenneth Wolfe and his brother, the defendant Daniel Wolfe, own the subject property as tenants in common, their disagreements as to their respective interests, rights, and share in this property remain unresolved, and no accounting has been conducted "to ensure that the parties' rights are fixed in such a manner that a decree 'may work full and complete justice between [them]' " *(Grossman v Baker, supra,* at 1119, quoting from *Grody v Silverman,* 222 App Div 526, 530; *George v Bridbord, supra; Worthing v Cossar,* 93 AD2d 515). Accordingly, the order appealed from directing sale of the property without, *inter alia,* determining the parties' respective rights and interests was premature and violated the requirements of RPAPL 915. Harwood, J. P., Lawrence, Eiber and Miller, JJ., concur.