■ CHRISTOPHER M. LAURIELLO et al., Respondents, v MARTHA GALLOTTA, Appellant, et al., Defendants. [895 NYS2d 495]—

In an action, inter alia, for the partition of real property, the defendant Martha Gallotta appeals from stated portions of an order of the Supreme Court, Kings County (Jacobson, J.), dated October 31, 2008, which, among other things, granted those branches of the plaintiffs' motion which were to authorize a referee to appraise the subject real property, and to place the real property on the market for immediate sale as soon as a final report is prepared and an appraisal is rendered.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was to authorize the referee to place the subject real property on the market for immediate sale as soon as a final report is prepared and an appraisal is rendered, and substituting therefor a provision denying that branch of the plaintiffs' motion and directing the referee to report to the Supreme Court, Kings County, as to the right, share, or interest of each party in the property; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The defendant correctly contends that the Supreme Court erred in granting that branch of the plaintiffs' motion which was to authorize the referee to place the subject property on the market for immediate sale as soon as a final report is prepared and an appraisal is rendered. RPAPL 915 provides that, in an action for partition, an interlocutory judgment shall determine "the right, share, or interest of each party in the property." Where the property was so circumstanced that a partition thereof could not be made without great prejudice to the owners, the interlocutory judgment shall direct that the property be sold at public auction. Otherwise, the interlocutory judgment in favor of the plaintiff shall direct that partition be made between the parties according to their respective right, share, or interest.

Here, there has been no interlocutory judgment determining the right, share, or interest of each party in the subject property. While it has been established that the parties are tenants

in common to the property, their disagreements as to their respective rights, shares, or interests in this property remain unresolved. Such issues as the rights, shares, or interests of the parties, and whether partition may be had without great prejudice, should be determined and declared by the court, after the referee reports to the court on these issues, before a partition or sale may be directed (*see Wolfe v Wolfe*, 187 AD2d 628, 629 [1992]; *Grossman v Baker*, 182 AD2d 1119 [1992]; *George v Bridbord*, 113 AD2d 869 [1985]). The actual physical partition of property is the preferred method and is presumed appropriate unless one party demonstrates that actual physical partition would cause great prejudice, in which case the property must be sold at public auction (*see Snyder Fulton St., LLC v Fulton Interest, LLC*, 57 AD3d 511, 513 [2008]; *Loughran v Cruickshank*, 8 AD3d 799, 800 [2004]).

Furthermore, the Supreme Court erred in granting that branch of the plaintiffs' motion which was to authorize the referee to place the property on the market for immediate sale. If the property is placed for sale, the sale must be at public auction pursuant to RPAPL 231 (1), which provides that a sale of real property in pursuance of a judgment affecting the title to, or the possession, use or enjoyment of, real property, shall be at public auction to the highest bidder. The Supreme Court should have denied that branch of the plaintiffs' motion and directed the referee to report as to the rights, shares, or interests of the parties in the property.

However, it was not error for the Supreme Court to authorize the referee to obtain an appraisal of the property before its sale. An appraisal might enable the referee to establish a minimum selling price, or to determine whether an equal or equalized partition can be made (*see Colley v Romas*, 50 AD3d 1338 [2008]).

The appellant's remaining contention is without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.