■ MARY JANE HALES, Appellant, v TIMOTHY ROSS, Respondent. [932 NYS2d 263]—

<hr>

Beginning in 1953, the parties' father acquired three separate parcels of land located on Stockholm Road in the City of Saratoga Springs, Saratoga County, totaling approximately 2.18 acres. Parcel 1 (.07 acre) lies to the south of Stockholm Road and contains an unheated seasonal residence built in the 1950s. Parcel 2 (.79 acre), located across the street from Parcel 1, contains an in-ground swimming pool and enjoys approximately 124 feet of lakefront on Saratoga Lake. Parcel 3 (1.32 acres), which abuts Parcel 2 to the west and does not have access to the lake, is improved by a year-round residence built in the 1970s. In 1979, the parties' father conveyed all three parcels to plaintiff and defendant as joint tenants with a right of survivorship and, several years later, the parties reconveyed the property to themselves as tenants in common.[1]

Although the parties each initially enjoyed use of the property and split the various expenses associated therewith, their relationship eventually soured, prompting them to enter into a series of conversations regarding the possibility of one of them purchasing the other's interest in the property.[2] These negotiations proved unsuccessful and, ultimately, plaintiff commenced this action pursuant to RPAPL article 9 seeking, among other things, to compel a sale of the property and reimbursement for the moneys she expended in maintaining the property after May 2001. Defendant answered and requested that the property be partitioned.

Following a hearing, a Referee determined that the property should be partitioned into two new parcels by allocating a portion of Parcel 2 to each of the remaining original parcels. This allocation resulted in plaintiff retaining the seasonal residence, the swimming pool and approximately one half of the usable lakefront and defendant retaining the year-round residence and the balance of the lakefront. Plaintiff's request for reimbursement of the various property expenses paid after May 2001 was denied based upon her failure to adequately document her expenditures. Supreme Court confirmed the Referee's report, and this appeal by plaintiff followed.

---

1. In the interim, defendant purchased—and constructed a residence on—a parcel of land abutting Parcel 3.

2. Additionally, in May 2001, defendant sent plaintiff a letter indicating that, with the exception of one half of the school and property taxes, he no longer would pay any expenses associated with the property.

We affirm. When a tenant in common seeks partition or a sale of real property pursuant to RPAPL 901 (1), the actual physical division of the property is preferred and, indeed, is presumed to be appropriate absent a showing that physical partition results in "great prejudice" to the owners, in which case the property must be sold at public auction (*see* RPAPL 901 [1]; 915; *Lauriello v Gallotta*, 70 AD3d 1009, 1010 [2010]; *Loughran v Cruickshank*, 8 AD3d 799, 800 [2004]; *Ferguson v McLoughlin*, 184 AD2d 294, 294 [1992], *appeal dismissed* 80 NY2d 972 [1992]). Whether physical partition or sale is appropriate is a question of fact for the Referee to resolve (*see Snyder Fulton St., LLC v Fulton Interest, LLC*, 57 AD3d 511, 513 [2008], *lv dismissed* 12 NY3d 755 [2009]; *Loughran v Cruickshank*, 8 AD3d at 800), and the Referee's determination in this regard is entitled to great weight and should be confirmed if supported by the record as a whole (*see Loughran v Cruickshank*, 8 AD3d at 800; *Matter of Blue Circle v Schermerhorn*, 235 AD2d 771, 772 [1997]).

Initially, plaintiff's appraiser, according significant weight to the fact that the three parcels bore a single tax identification number, appraised the property as a single 2.18-acre lot valued at $750,000. Plaintiff's appraiser further testified that, in view of the current two-acre minimum lot size for property surrounding Saratoga Lake and the uncertainty associated with obtaining the necessary variances should the property be "subdivided" into individual lots, the highest and best use of the property was for it to remain intact as a single parcel of land.[3] Defendant's appraiser, on the other hand, relying upon the manner in which the parties' father acquired each of the three parcels and the separate lot descriptions retained in the deed conveying those parcels to plaintiff and defendant, valued each of the three parcels independently and arrived at a collective value of $715,000.

Confronted with competing appraisals and divergent points of view regarding the most appropriate characterization and use of the property, the Referee instructed the appraisers to revisit their valuations and determine if the property could be partitioned in such a fashion as to equalize the value of the two resulting parcels. In response, plaintiff's appraiser, utilizing the land contained in Parcel 2, divided the property into a 1.86-acre parcel and a .32-acre parcel. This configuration, which assumed that the swimming pool would be filled in, granted the 1.86-acre parcel access to the lake (but not actual lakefront) and was appraised at $350,000. The remaining .32 acre included all of the

---

3. This opinion lies at the heart of plaintiff's present claim that partitioning of the property results in great prejudice.

lakefront and was valued at $375,000. Defendant's appraiser also allocated portions of Parcel 2 to each of the remaining parcels but did so in such a way as to grant actual lakefront to each of the partitioned parcels. Specifically, defendant's appraiser created a .63-acre parcel (containing the seasonal residence, the swimming pool and 65 feet of lakefront) and a 1.32-acre parcel (containing the year-round residence and 60 feet of lakefront) and valued each of the newly partitioned parcels at $400,000.[4] Upon due consideration, the Referee adopted the latter proposal and awarded plaintiff the .63-acre parcel and awarded defendant the 1.32-acre parcel, which abuts his current property.

Although plaintiff argues on appeal that this results in great prejudice and that the entire 2.18 acres should be sold at auction as a single parcel of land, we do not agree. The competing appraisals, although differing as to how the property should be viewed and the precise manner in which it should be divided, did not result in vastly dissimilar pre- or post-partition valuations (compare Snyder Fulton St., LLC v Fulton Interest, LLC, 57 AD3d at 513-514). Hence, we cannot say that "the aggregate value of the several parts when held by different individuals in severalty would be materially less than the whole value of the property if owned by one person" (id. at 513 [internal quotation marks and citations omitted]). Further, despite some uncertainty in this regard, plaintiff's proof fell short of establishing that application of the local zoning ordinance militated against partition and/or resulted in great prejudice to the parties. Finally, although neither appraiser necessarily favored dividing the lakefront, given the parties' current relationship, we agree that an easement granting one party access over the property of the other is ill advised.

As to plaintiff's request for reimbursement of the various expenses she incurred after May 2001, we agree that the documentation submitted by plaintiff, which did not include any actual bills or canceled checks, was insufficient to support her claimed expenditures. Accordingly, we have no quarrel with Supreme Court's decision to confirm the Referee's report, which, in our view, finds ample support in the record. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

---

4. Although not addressed by either the Referee or Supreme Court, the total acreage under this proposal (1.95 acres) falls short of the actual total acreage of the combined parcels (2.18 acres), leaving a gap of .23 acre. According to the parties, this unallocated acreage consists of wetlands and will be addressed during the course of the contemplated survey of the property.

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

