██ MARCEL GOLDBERGER, Respondent, v JANUSZ RUDNICKI et al., Appellants, et al., Defendants. [943 NYS2d 176]—

In an action, inter alia, for the partition and sale of real property, the defendant Janusz Rudnicki appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered January 21, 2011, which granted the plaintiff's motion for summary judgment, inter alia, directing a judicial sale of the subject property and the division of the proceeds thereof, and the defendants Janusz Rudnicki and Anna Rudnicki appeal (1) from an interlocutory judgment of the same court dated March

4, 2011, which, upon the order entered January 21, 2011, is in favor of the plaintiff and against them directing, among other things, the partition of the subject property and its sale at public auction, and (2), as limited by their brief, from so much of an order of the same court entered May 2, 2011, as, upon renewal and reargument, adhered to the original determination in the order entered January 21, 2011.

Ordered that the appeal from the order entered January 21, 2011, is dismissed, as that order was superseded by the interlocutory judgment and the order entered May 2, 2011, made upon renewal and reargument; and it is further,

Ordered that the appeal from the order entered May 2, 2011, is dismissed as academic in light of our determination on the appeal from the interlocutory judgment; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, the plaintiff's motion for summary judgment, inter alia, directing a judicial sale of the subject property and the division of the proceeds thereof is denied, the order entered January 21, 2011, is modified accordingly, the order entered May 2, 2011, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to RPAPL article 9; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In 1989, the plaintiff and the defendants Janusz Rudnicki and Anna Rudnicki, who are husband and wife (hereinafter together the Rudnicki defendants), purchased as tenants-in-common a 20-acre parcel of property which had previously been subdivided into three parcels: Lot 1, an approximately 10-acre parcel which is the real property at issue on this appeal; Lot 2, an approximately three-acre parcel on which the Rudnicki defendants constructed their residence and which was conveyed to the Rudnicki defendants in 1993; and Lot 3, an approximately seven-acre parcel on which the plaintiff constructed his residence and which was conveyed to the plaintiff in 1999. The plaintiff and the Rudnicki defendants each contributed $350,000 towards the $700,000 purchase price of the 20-acre property. From 1997 through 2005, the plaintiff and the Rudnicki defendants jointly applied to the Town of Lewisboro to have the property lines changed so that a section of Lot 1 which included a swimming pool and tennis court area which had been refurbished by the Rudnicki defendants would be included in Lot 2. However, the Town Board informed the parties that such a change in property lines would render the remaining portion of Lot 1 "non-buildable." The parties never effectuated the change in property lines.

The plaintiff commenced this action seeking, inter alia, the partition and sale of Lot 1. The Supreme Court granted the plaintiff's motion for summary judgment, inter alia, directing the judicial sale of Lot 1 and the division of the proceeds thereof, and entered an interlocutory judgment directing the partition and sale of Lot 1 with the proceeds of the sale to be divided evenly between the plaintiff and the Rudnicki defendants.

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]). The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties (*see Arata v Behling*, 57 AD3d 925, 926 [2008]; *Graffeo v Paciello*, 46 AD3d 613, 614 [2007]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating his ownership and right to possession of the subject property and by showing that a physical partition would lead to great prejudice in the form of a "non-buildable" designation of the remaining portion of Lot 1 (*see Graffeo v Paciello*, 46 AD3d at 614-615). In opposition, however, the Rudnicki defendants raised a triable issue of fact. While it is established that the parties to these appeals are tenants-in-common to the property, their disagreements as to their respective interests, rights, and share in this property remain unresolved. Before an interlocutory judgment of partition may be made, these rights must be determined (*see* RPAPL 907, 915; *George v Bridbord*, 113 AD2d 869, 871 [1985]; *Levine v Goldsmith*, 71 App Div 204 [1902]). Accordingly, the interlocutory judgment must be reversed, and the matter remitted to the Supreme Court, Westchester County, for further proceedings pursuant to RPAPL article 9.

In light of our determination, we need not reach the Rudnicki defendants' remaining contentions. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.