■ Louis J. Perretta et al., Appellants, v Anthony Perretta et al., Respondents. [39 NYS3d 495]—

In an action, inter alia, for the partition and sale of real property and to recover unpaid rent, use, and occupancy, the plaintiffs appeal from (1) a decision of the Supreme Court, Kings County (Schack, J.), dated June 10, 2014, and (2) stated portions of an order of the same court, dated August 18, 2014, which, inter alia, in effect, denied that branch of their motion which was for summary judgment on so much of the cause of action for partition and sale of the subject property as was, upon partition, for a sale of the subject property, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover unpaid rent, use, and occupancy.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

This is an action, inter alia, for partition and sale of a four-family brownstone located in the Cobble Hill neighborhood in Brooklyn. At the time this action was commenced, the property was owned by the plaintiffs Louis J. Perretta, Anne-Marie Albicocco, Louis A. Perretta, Josephine Hydock, and Frank Perretta, Jr., and the defendant Anthony Perretta, as tenants in common. Anthony Perretta lived in the garden apartment on the first floor of the building, with his adult daughters, the defendants Josephine Perretta and Annette Perretta. None of the plaintiffs lived on the premises. The remaining three apartments were rented out to tenants.

The plaintiffs commenced this action, seeking, inter alia, partition and sale of the premises, and to recover unpaid rent, use, and occupancy. They alleged in the complaint that the defendants had been living on the premises rent-free. They further alleged that the defendants had allowed the other units in the building to be rented at submarket rates without written lease agreements.

The plaintiffs moved, inter alia, for summary judgment on their cause of action for partition and sale. The defendants cross-moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover unpaid rent, use, and occupancy.

In an order dated August 18, 2014, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment on so much of the cause of action for partition and sale as sought partition of the subject property, but, in effect, denied that branch of the motion which was, upon partition, for a sale of the property, and appointed a referee to determine whether physical partition or sale was the appropriate remedy. The court also granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover unpaid rent, use, and occupancy. The plaintiffs appeal.

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]). "The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties" (*Arata v Behling*, 57 AD3d 925, 926 [2008]). "The actual physical partition of property is the preferred method and is presumed appropriate unless one party demonstrates that actual physical partition would cause great prejudice, in which case the property must be sold at public auction" (*Lauriello v Gallotta*, 70 AD3d 1009, 1010 [2010]).

Contrary to the plaintiffs' contention, there is a question of fact as to whether physical partition or sale of the subject property is appropriate (*see Hales v Ross*, 89 AD3d 1261, 1263 [2011]; *Lauriello v Gallotta*, 70 AD3d at 1010; *Wolfe v Wolfe*, 187 AD2d 628, 629 [1992]). Thus, the Supreme Court properly denied that branch of the plaintiffs' motion which sought a sale of the property, and properly appointed a referee to determine whether physical partition or sale was the appropriate remedy.

The Supreme Court also properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover unpaid rent, use, and occupancy. In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, ac-

cord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "A tenant in common 'has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of [the other tenant] to also occupy the premises' " (*McIntosh v McIntosh*, 58 AD3d 814, 814 [2009], quoting *Jemzura v Jemzura*, 36 NY2d 496, 503 [1975]). One tenant in common is generally not liable to another for use and occupancy, in the absence of an agreement or ouster (*see Jemzura v Jemzura*, 36 NY2d at 503; *Goldberg v Ochman*, 143 AD2d 255, 258 [1988]). Here, the complaint failed to allege either ouster or the existence of any agreement that required the defendants to pay rent, use, and occupancy.

In view of the foregoing, the plaintiffs' contention in point III of their brief is academic.

The defendants' contention in point I of their brief, regarding appealability, is without merit. Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.