Mi King Chew v La Chea (2019 NY Slip Op 06390)





Mi King Chew v La Chea


2019 NY Slip Op 06390


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12124
 (Index No. 12739/12)

[*1]Mi King Chew, appellant, 
v
La Chea, respondent.


Duru Associates, PLLC, Kew Gardens, NY (Okechukwu A. Duru of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Lawrence F. DiGiovanna and Andrea J. Caruso of counsel), for respondent.



DECISION & ORDER
In an action for partition and sale of real property, the plaintiff appeals from an order and interlocutory judgment (one paper) of the Supreme Court, Kings County (Martin M. Solomon, J.), dated October 7, 2016. The order and interlocutory judgment, inter alia, granted the defendant's motion for summary judgment on his fifth counterclaim, among other things, declaring that each of the parties owns a 50% interest in the subject real property, and directed that the property be sold at public auction.
ORDERED that the order and interlocutory judgment is reversed, on the law, with costs, the defendant's motion for summary judgment on his fifth counterclaim is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to RPAPL article 9.
In 2006, the parties purchased certain real property in Brooklyn as joint tenants with right of survivorship. In 2012, the plaintiff commenced this action for partition and sale. The defendant moved for summary judgment on his fifth counterclaim, among other things, for a judgment declaring that each of the parties own a 50% interest in the real property and to direct a partition and sale of the property. The Supreme Court granted the defendant's motion and issued an order and interlocutory judgment, inter alia, declaring that each of the parties own a 50% interest in the property and directing the partition and sale of the property.
The defendant demonstrated his prima facie entitlement to summary judgment on his fifth counterclaim by submitting, inter alia, the deed to the subject property demonstrating that the parties held the property as joint tenants. In opposition, however, the plaintiff raised a triable issue of fact as to the parties' respective interests, rights, and shares in the property through her sworn affidavit in which she averred that, inter alia, the defendant did not make any contributions toward the purchase price or maintenance of the property and that the defendant's name was on the deed as a matter of convenience (see Goldberger v Rudnicki, 94 AD3d 1048; Manganiello v Lipman, 74 AD3d 667; Cheslow v Huttner, 13 Misc 3d 1224[A], 2006 NY Slip Op 51971[U] [Sup Ct, NY County 2006]).
Accordingly, we do not agree with the Supreme Court's determination to grant the defendant's motion for summary judgment on his fifth counterclaim. Therefore, the order and interlocutory judgment should be reversed and the matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to RPAPL article 9 (see Goldberger v Rudnicki, 94 AD3d 1048).
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court