Wardally v Wardally (2020 NY Slip Op 04424)





Wardally v Wardally


2020 NY Slip Op 04424


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-07385
 (Index No. 517663/17)

[*1]Ricky Wardally, et al., appellants,
v
Tanya Wardally, respondent.


Richard J. Soleymanzadeh, P.C., Carle Place, NY, for appellants.



DECISION & ORDER
In an action for the partition and sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 16, 2019. The order denied the plaintiffs' motion pursuant to RPAPL 911 for the appointment of a referee to ascertain and report the rights, shares, and interests of the parties in the subject property.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for the appointment of a referee to ascertain and report the rights, shares, and interests of the parties in the subject property is granted, and the matter is remitted to the Supreme Court, Kings County, for the appointment of a referee pursuant to RPAPL 911 and 913.
The plaintiffs commenced this action for the partition and sale of certain real property which they owned as tenants-in-common with the defendant. The plaintiffs subsequently moved pursuant to RPAPL 911 for the appointment of a referee to ascertain and report the rights, shares, and interests of the parties in the subject property. The Supreme Court denied the motion. The plaintiffs appeal.
The plaintiffs are tenants-in-common with the defendant with respect to the subject property, and each party owns a one-third interest in the property. The defendant has not disputed the plaintiffs' ownership and possessory rights and, therefore, the plaintiffs are prima facie entitled to partition of the property (see Holley v Hinson-Holley, 101 AD3d 1084, 1085; Dalmacy v Joseph, 297 AD2d 329, 330). The defendant did not raise a triable issue of fact regarding the plaintiffs' right to possession of the subject property.
However, before a partition may be directed, a determination must be made as to the "rights, shares, or interests of the parties, and whether partition may be had without great prejudice" (Lauriello v Gallotta, 70 AD3d 1009, 1010; see RPAPL 911, 915; Wolfe v Wolfe, 187 AD2d 628, 629; Grossman v Baker, 182 AD2d 1119; George v Bridbord, 113 AD2d 869, 871). Further, it must be determined whether there are any creditors with liens on the subject property (see RPAPL 913). Accordingly, we reverse the order appealed from, grant the plaintiffs' motion, and remit the matter to the Supreme Court, Kings County, to appoint a referee to determine the parties' respective interests in the subject property and to determine whether there are any creditors with liens on the property.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court