Coston v Greene (2020 NY Slip Op 07031)





Coston v Greene


2020 NY Slip Op 07031


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2018-12457
 (Index No. 507801/14)

[*1]Lyntonia Coston, appellant, 
v
Lawanda Greene, et al., respondents, et al., defendants.


O'Keke & Associates, P.C., Brooklyn, NY (Patrick O'Keke of counsel), for appellant.



DECISION & ORDER
In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated August 28, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for partition and sale of the subject property and, in effect, granted that branch of the plaintiff's motion which was for the appointment of a referee to conduct an accounting.
ORDERED that the appeal from so much of the order as, in effect, granted that branch of the plaintiff's motion which was for the appointment of a referee to conduct an accounting is dismissed, without costs or disbursements; and it is further,
ORDERED that order affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order as, in effect, granted that branch of the plaintiff's motion which was for the appointment of a referee to conduct an accounting must be dismissed, as the plaintiff is not aggrieved by that portion of the order (see Mixon v TBV, Inc., 76 AD3d 144, 148-149).
"A person holding and in possession of real property as joint tenant or tenant in common . . . may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901[1]). "The right to partition is not absolute, however, and . . . the remedy is always subject to the equities between the parties" (Tsoukas v Tsoukas, 107 AD3d 879, 880). Here, in opposition to the plaintiff's prima facie showing of entitlement to summary judgment on the cause of action for partition and sale of the subject property, the defendant Lawanda Greene raised a triable issue of fact as to the parties' respective interests, rights, and share in the property, necessitating denial of the plaintiff's motion (see RPAPL 915; Goldberger v Rudnicki, 94 AD3d 1048, 1050; George v Bridbord, 113 AD2d 869, 870-871). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for summary judgment on the cause of action for partition and sale.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court