Clarke v Clarke (2024 NY Slip Op 02298)

Clarke v Clarke

2024 NY Slip Op 02298

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2020-01426
 (Index No. 511575/17)

[*1]Regan Clarke, etc., et al., appellants, 
v
Rudolph Clarke, respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Catherine A. Helwig of counsel), for appellants.
Sweeney, Reich & Bolz LLP, Lake Success, NY (Gerard J. Sweeney of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion and unjust enrichment and for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated January 6, 2020. The order denied the plaintiffs' motion for summary judgment on the complaint and granted the defendant's cross-motion for summary judgment on his counterclaim for the partition and sale of the subject property and to appoint a referee for the purpose of selling the subject property at a public auction.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's cross-motion which was for summary judgment on his counterclaim for the partition and sale of the subject property, and substituting therefor a provision denying that branch of the cross-motion, and (2) by deleting the provision thereof directing the referee to make an accounting prior to the partition and sale of the subject property, and substituting therefor a provision directing the referee to determine whether physical partition or sale is appropriate; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The plaintiffs are siblings and commenced this action, inter alia, to recover damages for conversion and unjust enrichment and for declaratory and injunctive relief against the defendant, their father. The plaintiffs alleged, among other things, that the defendant failed to make payments on the mortgage on the subject property as required in a settlement agreement entered into by the defendant and the plaintiffs' mother, Marcia Clarke, in connection with a divorce action. The plaintiffs moved for summary judgment on the complaint, arguing, inter alia, that they had standing to enforce the settlement agreement as third-party beneficiaries, as the defendant and Marcia intended that the plaintiffs would each receive a 50% interest in the property upon the death of the last surviving party to the agreement. The defendant cross-moved for summary judgment on his counterclaim for the partition and sale of the property and to appoint a referee for the purpose of selling the property at a public auction. The Supreme Court denied the plaintiffs' motion and granted the defendant's cross-motion. The plaintiffs appeal.
The Supreme Court properly denied the plaintiffs' motion for summary judgment on [*2]the complaint. The plaintiffs failed to demonstrate, prima facie, their standing to enforce the settlement agreement between the defendant and Marcia as third-party beneficiaries. A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for the third party's benefit, and (3) that the benefit to the third party is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the third party if the benefit is lost (see Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336; Merlino v Knudson, 214 AD3d 642, 644). An intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contract (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710; Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655; Merlino v Knudson, 214 AD3d at 644). Here, the plaintiffs failed to demonstrate, prima facie, that the benefit allegedly afforded to them in the settlement agreement was immediate and not merely incidental.
The Supreme Court erred in granting that branch of the defendant's cross-motion which was for summary judgment on his counterclaim for the partition and sale of the property. RPAPL 901(1) provides that a person holding and in possession of real property as a joint tenant or tenant in common, in which he or she has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property and for a sale if it appears that a partition cannot be made without great prejudice to the owners. The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties (see Goldberger v Rudnicki, 94 AD3d 1048, 1050).
RPAPL 915 provides, in relevant part, that "[an] interlocutory judgment shall determine the right, share or interest of each party in the property, as far as the same has been ascertained. Where the property or any part thereof is so circumstanced that a partition thereof cannot be made without great prejudice to the owners, the interlocutory judgment, except as otherwise expressly prescribed in this article, shall direct that the property or the part so circumstanced be sold at public auction. Otherwise, an interlocutory judgment in favor of the plaintiff shall direct that partition be made between the parties according to their respective rights, shares and interests." Thus, before a partition or sale may be directed, a determination must be made as to the rights, shares, or interests of the parties, and whether partition may be had without great prejudice (see Wardally v Wardally, 186 AD3d 531, 532; Wolfe v Wolfe, 187 AD2d 628, 629). Such determinations must be included in the interlocutory judgment contemplated by RPAPL 915, along with either a direction to sell at public auction or a direction to physically partition the premises (see Hales v Ross, 89 AD3d 1261, 1263; Wolfe v Wolfe, 187 AD2d at 629). Whether physical partition or sale is appropriate is a question of fact for the referee to resolve (see Hales v Ross, 89 AD3d at 1263).
Here, the defendant established his prima facie entitlement to judgment as a matter of law on his counterclaim for the partition and sale of the property by demonstrating his ownership and right to possession of the property pursuant to the settlement agreement, and by showing that a physical partition would lead to great prejudice, given the acrimonious relationship between him and the plaintiffs (see Goldberger v Rudnicki, 94 AD3d at 1050). In opposition, however, the plaintiffs raised triable issues of fact. While the record establishes that the plaintiffs and the defendant own the property as tenants in common, their disagreements as to their respective interests, rights, and shares in the property remain unresolved (see id.; Lauriello v Gallotta, 70 AD3d 1009, 1009-1010; Wolfe v Wolfe, 187 AD2d at 629). No accounting has been conducted to ensure that the parties' rights are fixed in such a manner that a decree may work full and complete justice among them (see Wolfe v Wolfe, 187 AD2d at 629). There has been no interlocutory judgment determining the right, share, or interest of each party in the property, which must be determined before an interlocutory judgment of partition may be made (see Goldberger v Rudnicki, 94 AD3d at 1050). Those rights must be determined and declared by the Supreme Court after a referee reports to the court on these issues, before a partition or sale may be directed (see Lauriello v Gallotta, 70 AD3d at 1009-1010). Issues of fact exist as to the parties' rights, shares, and interests in the property, [*3]necessitating denial of that branch of the defendant's cross-motion which was for summary judgment on his counterclaim for the partition and sale of the property (see Coston v Greene, 188 AD3d 1147, 1147-1148).
CHAMBERS, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court