Paquet v Murphy (2025 NY Slip Op 05957)

Paquet v Murphy

2025 NY Slip Op 05957

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-11992
 (Index No. 616143/22)

[*1]Kevin Paquet, respondent, 
v
Elizabeth Murphy, appellant.

Mitev Law Firm, P.C., Stony Brook, NY (Vesselin V. Mitev of counsel), for appellant.
Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendant appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated November 20, 2023. The order granted the plaintiff's motion for summary judgment on the cause of action for the partition and sale of the subject property and pursuant to RPAPL 911 for the appointment of a referee to ascertain and report the rights, shares, and interests of the parties therein and denied the defendant's cross-motion pursuant to CPLR 3025(b) for leave to amend her answer to assert certain affirmative defenses and counterclaims.
ORDERED that the order is affirmed, with costs.
In December 2017, the plaintiff and the defendant entered into a contract wherein the defendant agreed to sell a 50% interest in certain real property she owned, which was located in the Village of Babylon, to the plaintiff (hereinafter the property). By a deed issued on the same date the parties executed the contract, the defendant, as the sole owner of the property, transferred title to the property to herself and the plaintiff as tenants in common (hereinafter the deed). In August 2022, the plaintiff commenced this action, inter alia, for the partition and sale of the property. Thereafter, the plaintiff moved for summary judgment on the cause of action for the partition and sale of the property and pursuant to RPAPL 911 for the appointment of a referee to ascertain and report the rights, shares, and interests of the parties therein. The defendant opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend her answer to assert certain affirmative defenses and counterclaims. By order dated November 20, 2023, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion.
"'A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners'" (Perretta v Perretta, 143 AD3d 878, 879, quoting RPAPL 901[1]). "The right to partition is not absolute, however, and the remedy is always subject to the equities between the parties" (Coston v Greene, 188 AD3d 1147, 1147 [internal quotation marks and alteration omitted]). Moreover, "before a partition or sale may be directed, a determination must be [*2]made as to the rights, shares, or interests of the parties, and whether partition may be had without great prejudice" (Clarke v Clarke, 227 AD3d 659, 661; see RPAPL 915). Since "a partition action is equitable in nature, an accounting is a necessary incident thereto" (Khotylev v Spektor, 165 AD3d 1088, 1090 [internal quotation marks omitted]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on his cause of action for the partition and sale of the property and for an accounting as an incident thereto (see id.). The plaintiff demonstrated his ownership and right to possession of the property pursuant to the deed and the contract and established that a physical partition would lead to great prejudice, since the property was improved by a single-family home (see Clarke v Clarke, 227 AD3d at 661-662; Goldberger v Rudnicki, 94 AD3d 1048, 1050; Donlon v Diamico, 33 AD3d 841, 842). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see Khotylev v Spektor, 165 AD3d at 1090; James v James, 52 AD3d 474, 474).
In addition, the Supreme Court providently exercised its discretion in denying the defendant's cross-motion pursuant to CPLR 3025(b) for leave to amend her answer to assert certain affirmative defenses and counterclaims (see Cadle Co. v Calcador, 85 AD3d 700, 703; Pando v Tapia, 79 AD3d 993, 995-996).
The defendant's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court